# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE R. WHITE, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>HILTON HOTELS RETIREMENT PLAN, *et al.*,<br><br>     Defendants. | Civil Action No. 16-856 (CKK) |

## MEMORANDUM OPINION
(January 24, 2018)

Pursuant to the Court's [29] Scheduling and Procedures Order, Plaintiffs have filed their [33] Motion for Leave to Amend Pursuant to FRCP 15(a)(2) ("Motion to Amend") in an effort to address certain deficiencies that led the Court to dismiss Claim Three of Plaintiffs' Amended Complaint. *See* Mem. Op. and Order, ECF No. 21, at 4-5. In opposition, Defendants argue that Plaintiffs' attempt to further amend would be futile, as it would not survive a motion to dismiss. *See* Mem. of P&A in Supp. of Defs.' Opp'n to Pls.' Mot. for Leave to Amend ("Opp'n Mem."), ECF No. 35, at 1, 2, 10.[1] The parties disagree about the futility of an amendment in part because of the complex litigation backdrop from which the proposed claim is said to arise. "This matter was noticed as related to *Kifafi v. Hilton Hotels Retirement Plan*, No. 98-cv-1517 (CKK) ('*Kifafi*'), an action over which the Court concluded its jurisdiction in December 2015, after more than 17 years of litigation." Mem. Op. and Order, ECF No. 21, at 1 (citing *Kifafi*, Mem. Op., ECF No. 434, at 1).

In cases where plaintiffs have already amended their Complaint, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding that leave to amend a complaint is within the court's discretion and

---

[1] In addition to considering the Motion to Amend and Defendants' opposition, the Court considered Plaintiffs' reply and their subsequent, unsolicited filing identifying what they claim to be new evidence in support of their motion. Pls.' Reply in Supp. of Mot. for Leave to Amend, ECF No. 36 ("Reply Mem."); Pls.' Notice of New Evidence Related to Mot. for Leave to Amend, ECF No. 37. At the Court's request, *see* Min. Order of Dec. 15, 2017, Defendants submitted a response to Plaintiffs' "new evidence" filing that vigorously disputes its procedural propriety, Plaintiffs' argument that the proposed amendment is not futile, and Plaintiff Betancourt's exhaustion of administrative remedies. Defs.' Resp. to "Plaintiffs' Notice of New Evidence Related to Motion for Leave to Amend", ECF No. 39, at 2-4. While the Court shall not separately rule on Plaintiffs' "new evidence" filing and Defendants' response thereto, the Court simply notes here that these filings were helpful for distilling the parties' positions.

"should be freely given unless there is a good reason . . . to the contrary"), *cert den.*, 520 U.S. 1197 (1997); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason").

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Specifically with respect to the futility factor, a district court may properly deny a motion to amend if "the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (citing, e.g., *Foman*, 371 U.S. at 182). "Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

Defendants forego a number of the factors that this Court could consider and instead focus only on one. Defendants do not argue that Plaintiffs unduly delayed proposing their amendment, that this amendment would prejudice Defendants, that Plaintiffs make their proposal in bad faith, or that Plaintiffs should not be permitted to amend in light of their previous amendment, although it was of right. Rather, Defendants argue that the Motion to Amend would be futile because it "does not cure the deficiencies" that previously warranted dismissal of Claim Three, and, relatedly, the "new allegations fail to state a claim for relief." Opp'n Mem. at 1-2.

The parties' arguments about futility quickly get into merits freighted by *Kifafi*. The parties disagree regarding, *inter alia*, whether "Pedro Betancourt, who was [Plaintiff] Betancourt's father, became 'newly vested' as a result of the vesting claim process ordered in the *Kifafi* litigation," such that Pedro Betancourt allegedly now would be entitled to benefits that he previously could not have claimed. Mot. to Amend at 4; *see also* Opp'n Mem. at 6 ("[T]he proposed [Second Amended Complaint], like the Amended Complaint, does not and cannot allege that Pedro Betancourt was 'newly vested' because of relief awarded to one of *Kifafi*'s four vesting subclasses."). They also dispute whether Plaintiffs must allege in the Second Amended Complaint that Plaintiff Betancourt is the executor or an analogous official representative of his deceased father's estate—or rather, the substitute representative in place of his deceased mother—in order to qualify as a beneficiary entitled to any "newly vested" benefits owed to his father under *Kifafi*. *See, e.g.*, Opp'n Mem. at 9 ("Even where benefits are still payable to deceased participants and beneficiaries, only the executor(s) of the decedents' estates can seek those benefits. . . . This is consistent with the common law rule that only the executor or administrator of a decedent's estate may sue on behalf of the decedent."); Reply Mem. at 8 ("While there is no such specific pleading requirement, Class counsel could add to the amended pleadings that he is the personal representative of his mother's estate and can become the personal representative of his father's if the Court wants. But making this a pleading requirement is not necessary and is not always practical.").

Defendants effectively ask this Court to decide these and other disputes in determining whether to grant the Motion to Amend. But they cannot argue that the Court is *required* to resolve such issues at this stage. In an exercise of this Court's discretion under Federal Rule of Civil

Procedure 15(a)(2), the Court finds that the Motion to Amend is not the proper posture to resolve these disputes. Plaintiffs have reasonably attempted to address the reasons for which this Court initially dismissed Claim Three, and accordingly the litigation shall proceed on the basis of their Second Amended Complaint.

For all of the foregoing reasons, in an exercise of the Court's discretion, the Court **GRANTS** Plaintiffs' [33] Motion for Leave to Amend Pursuant to FRCP 15(a)(2).

Defendants' futility argument suggests that they intend to file a dispositive motion with respect to the Second Amended Complaint. It is not clear whether they would file a motion to dismiss or a motion for summary judgment. The Court observes that further factual development may be necessary before a motion could resolve Claim Three. Defendants shall file a notice with the Court by **JANUARY 31, 2018**, indicating whether they intend to file a specific dispositive motion in response to the Second Amended Complaint, and thereafter the Court shall set an appropriate briefing schedule if applicable.

An appropriate Order accompanies this Memorandum Opinion.

Dated: January 24, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge