# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

|  |  |  |
|---|---|---|
| VALERIE R. WHITE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16-CV-856 (CKK) |
| | ) | |
| vs. | ) | |
| | ) | |
| HILTON HOTELS RETIREMENT PLAN, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Hilton Hotels Retirement Plan (the "Plan"), Hilton Worldwide, Inc. (now known as Park Hotels & Resorts Inc.), Global Benefits Administrative Committee, Mary Nell Billings, S. Ted Nelson, and Casey Young (collectively "Defendants"), by and through their undersigned attorneys, hereby answer and respond to Plaintiffs' Second Amended Class Action Complaint, dated January 26, 2018 (the "Complaint").

Plaintiffs' introductory statement consists of legal conclusions or Plaintiffs' characterization of their purported claims and the putative class, to which no response is required. To the extent a response is deemed required, Defendants deny all allegations in the introductory statement.

## GENERAL DENIAL

Defendants reserve the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiffs in the Complaint are irrelevant or covered by the attorney-client privilege, the work product doctrine, and/or otherwise

applicable privileges.  Defendants reserve the right to seek to amend or supplement their Answer

as may be necessary or appropriate.

## SPECIFIC ANSWERS

1.      The allegations in Paragraph 1 consist of legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 consist of legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit Ms. White was employed at the Washington Hilton, deny that

Ms. White is currently 63, and otherwise lack knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in Paragraph 3.

4.      Defendants admit that Ms. Juneau worked at the Reno Hilton, deny that Ms.

Juneau is currently 54 years old, and otherwise lack knowledge or information sufficient to form

a belief as to the truth or falsity of the remaining allegations in Paragraph 4.

5.      Defendants admit that Pedro Betancourt worked at the New York Hilton.

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in the first, second, and third sentences of Paragraph 5.  The fourth

sentence of Paragraph 5 contain conclusions of law, to which no response is required.  To the

extent a response is required, Defendants deny the fourth sentence of Paragraph 5.

6.      Defendants state that Hilton Domestic Operating Company Inc. ("HDOC") is a

successor in interest, as sponsor of the Plan, to Park Hotels & Resorts Inc. f/k/a Hilton

Worldwide, Inc. f/k/a Hilton Hotels Corporation.  Defendants admit that HDOC is headquartered

in McLean, VA, and that HDOC itself or through its subsidiaries operates a large number of

hotels domestically and internationally.  Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that the Plan is an "employee pension benefit plan" within the meaning of ERISA §3(2) and is sponsored by HDOC.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants state that HDOC sponsors the Plan.  Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that the Global Benefits Administrative Committee is the Plan administrator.  Defendants deny the remaining allegations in Paragraph 9.

9A.     Defendants admit that the U.S. Appeals Committee decides administrative appeals, and that the members of the Global Benefits Administrative Committee and the U.S. Appeals Committee act as Plan fiduciaries for certain purposes. Defendants deny the remaining allegations in Paragraph 9A.

10.     Paragraph 10 consists of Plaintiffs' characterization of their claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.     Paragraph 11 consists of Plaintiffs' characterization of their claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.     Paragraph 12 consists of Plaintiffs' characterization of their claims, to which no response is required.  To the extent a response is required, Defendants deny that the proposed class is entitled to relief and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13.     Paragraph 13 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, except admit that Plaintiffs' counsel are also counsel of record in the *Kifafi* class action.

16.     Paragraph 16 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17, and refer the Court to the pleadings in the referenced *Kifafi* litigation for a true and complete account of their contents.

18.     The allegations in Paragraph 18 purport to summarize prior decisions of the District Court and the Court of Appeals.  Defendants deny that Paragraph 18 completely and accurately summarizes those decisions, and refer the Court to those decisions for a true and complete account of their contents.

19.     To the extent Paragraph 19 purports to summarize decisions of the District Court in the *Kifafi* litigation, Defendants deny that Paragraph 19 completely and accurately summarizes those decisions and refer the Court to those decisions for a true and complete account of their contents.  Defendants further state that the appeal referenced in the last sentence of Paragraph 19 has been held in abeyance pursuant to an Order by the United States Court of Appeals for the District of Columbia.  Defendants otherwise deny the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 purport to summarize a decision in the *Kifafi* litigation.  Defendants deny that Paragraph 20 completely and accurately summarizes that decision, and refer the Court to that decision for a true and complete account of its contents.

21.     The allegations in Paragraph 21 purport to summarize a decision in the *Kifafi* litigation.  Defendants deny that Paragraph 21 completely and accurately summarizes that decision, and refer the Court to that decision for a true and complete account of its contents.

22.     The allegations in Paragraph 22 purport to summarize a decision in the *Kifafi* litigation.  Defendants deny that Paragraph 22 completely and accurately summarizes that decision, and refer the Court to that decision for a true and complete account of its contents.

23.     The allegations in Paragraph 23 purport to summarize orders entered by the Court in the *Kifafi* litigation.  Defendants deny that Paragraph 23 completely and accurately summarizes those orders, and refer the Court to the orders for a true and complete account of their contents.

24.     The allegations in Paragraph 24 purport to summarize an order entered in the *Kifafi* litigation.  Defendants deny that Paragraph 24 completely and accurately summarizes that order, and refer the Court to the order for a true and complete account of its contents.

25.     To the extent the allegations in Paragraph 25 purport to summarize docket entries in the *Kifafi* litigation, Defendants deny that Paragraph 25 completely and accurately summarizes those documents, and refer the Court to the documents for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 25.

26.     The allegations in Paragraph 26 purport to summarize a decision in the *Kifafi* litigation.  Defendants deny that Paragraph 26 completely and accurately summarizes that decision, and refer the Court to that decision for a true and complete account of its contents.

27.     Paragraph 27 purports to summarize decisions in the *Kifafi* litigation.  Defendants deny that Paragraph 27 completely and accurately summarizes those decisions, and refer the Court to the decisions for a true and complete account of their contents.

28.     Defendants admit that additional individuals were vested under the claims procedure established through the *Kifafi* litigation.  Defendants deny the remaining allegations in Paragraph 28.

29.     The allegations in Paragraph 29 purport to summarize orders in the *Kifafi* litigation.  Defendants deny that Paragraph 29 completely and accurately summarizes those orders, and refer the Court to the orders for a true and complete account of their contents.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31.     Defendants admit that Paragraph 31 quotes a September 19, 2014 email from Hilton's counsel.  Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 concerning actions taken by putative Class counsel.  Defendants admit that putative Class counsel submitted four batches of vesting claims for over 750 individuals on or around the dates identified, and that the submitted documentation generally identified the individuals' claimed periods of service with Hilton Hotels, including service added by the claimants.  Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants admit that Paragraph 33 quotes a portion of language included in correspondence relating to appeals of certain denials of vesting claims.  Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 regarding any action taken by putative Class counsel. To the extent the allegations in Paragraph 34 purport to summarize decisions in the *Kifafi* litigation, Defendants deny that Paragraph 34 completely and accurately summarizes those decisions, and refer the Court to those decisions for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 34.

35.     To the extent the allegations in Paragraph 35 purport to summarize documents submitted in an administrative appeal, Defendants refer the Court to the relevant documents for a true and complete account of their contents.  To the extent Paragraph 35 consists of legal conclusions no response is required.  Defendants otherwise deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 purport to summarize pleadings and judicial orders in the *Kifafi* litigation, Defendants deny that Paragraph 37 completely and accurately summarizes those pleadings and orders, and refer the Court to the relevant docket entries and orders for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 37.

38.     Defendants admit the first sentence of Paragraph 38.  Defendants deny that the second sentence of Paragraph 38 completely and accurately summarizes the referenced appellate brief, and refer the Court to the docket entry for a true and complete account of its contents. Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 concerning what putative Class counsel has determined.  Defendants deny the remaining allegations in Paragraph 39.

40.    Defendants incorporate by reference all of the preceding responses as though fully set forth herein.

41.    Defendants admit that Paragraph 41 contains language included in correspondence relating to appeals of certain denials of vesting claims.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 purport to summarize decisions in the *Kifafi* litigation, Defendants deny that Paragraph 42 completely and accurately summarizes those decisions, and refer the Court to those decisions for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 42.

43.    Paragraph 43 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44.    To the extent Paragraph 44 consists of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 44.

45.    Paragraph 45 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.    Paragraph 46 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.    Paragraph 47 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.    Defendants admit the allegations in Paragraph 48.

49.    Defendants admit the second sentence of Paragraph 49 and deny the remaining allegations in Paragraph 49.

50.     To the extent Paragraph 50 purports to summarize docket entries in the *Kifafi* litigation, Defendants deny that Paragraph 50 completely and accurately summarizes those entries, and refer the Court to those docket entries for their true and complete contents. Defendants admit the second sentence of Paragraph 50.  Defendants deny the remaining allegations in Paragraph 50.

50A.    Defendants admit that certain individuals were identified as vested in the course of the *Kifafi* litigation, but deny that this was based on the use of the equivalencies instead of the elapsed time method for service prior to January 1, 1976.  Defendants deny the remaining allegations in Paragraph 50A.

51.     To the extent Paragraph 51 consists of legal conclusions, no response is required. Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants incorporate by reference all of the preceding responses as though fully set forth herein.

53.     Paragraph 53 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     The first sentence of Paragraph 54 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegation in the first sentence of Paragraph 54.  Defendants admit that the current Plan document contains the language quoted in the second sentence of Paragraph 54.

55.     Paragraph 55 purports to summarize a decision in the *Kifafi* litigation. Defendants deny that Paragraph 55 completely and accurately summarizes that decision, and refer the Court to the relevant decision for a true and complete account of its contents.

56.     Paragraph 56 purports to summarize a decision in the *Kifafi* litigation. Defendants deny that Paragraph 56 completely and accurately summarizes that decision, and refer the Court refer the Court to the decision for a true and complete account of its contents.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that Hilton's records indicate Ms. Juneau worked at the Reno Hilton and the Flamingo Hilton-Reno.  Defendants further admit that Ms. Juneau's claim for retirement benefits was denied.  Defendants deny the remaining allegations in Paragraph 58.

59.     Paragraph 59 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59.

59A.    Defendants admit that, due to a special agreement as part of the acquisition of one of two different properties that were at various times known as the Reno Hilton, certain participants who were employees when Hilton acquired that property on August 1, 1992 received prior credit from their original date of hire to the acquisition date.  Defendants further admit that a property known as the Reno Hilton participated in the Plan following the acquisition on August 1, 1992.  Defendants further admit that Reno Hilton is identified as part of the "Gaming Group" in the Plan.  Defendants deny the remaining allegations in Paragraph 59A.

60.     Defendants admit that on June 10, 2015 Plaintiffs' counsel sent an email to Alston & Bird requesting the information listed in Paragraph 60.  Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants admit that Alston & Bird provided Plaintiffs' counsel with a list containing information regarding certain properties' participation in the Plan.  To the extent the allegations in Paragraph 61 purport to summarize docket entries in the *Kifafi* litigation, Defendants deny that Paragraph 61 completely and accurately summarizes those docket entries,

and refer the Court to the docket entries for a true and complete account of their contents.
Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Paragraph 63 consists of legal conclusions to which no response is required.  To
the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     To the extent the allegations in Paragraph 64 purport to summarize pleadings in
the *Kifafi* litigation, Defendants deny that Paragraph 64 completely and accurately summarizes
those pleadings, and refer the Court to those documents for a true and complete account of their
contents.  *Kifafi* Docket No. 210 states that "The Plan also credits leaves of absence and non-
participating employment (primarily union employment and employment with a property not
participating in the Plan) for vesting service."  Defendants admit that the referenced *Kifafi*
appellate brief contains the language quoted in Paragraph 64.   Defendants deny the remaining
allegations in Paragraph 64.

64A.    The allegations in the first sentence of Paragraph 64A purport to summarize a
document in the *Kifafi* litigation. Defendants deny that Paragraph 64A accurately and completely
summarizes the document, and refer the Court to the relevant document for a true and complete
account of its contents. The referenced document states that, for "participants who were
employees of the Reno Hilton when Hilton acquired that property on August 1, 1992," "such
participants' records were reviewed to ensure that they received vesting service from their
original date of hire to the acquisition date."  The current Plan document states that, "[f]or
purposes of determining Years of Vesting Service, . . . [t]o the extent provided by the
Administrative Committee, an Employee's employment with a predecessor employer shall be

considered as employment with the Participating Employers."  Defendants admit the second sentence of Paragraph 64A.

65.     Defendants deny the first and second sentences of Paragraph 65.  To the extent the third sentence of Paragraph 65 consists of legal conclusions, no response is required.  To the extent a response is required,  Defendants admit that vesting credit is not provided for employment at the 12 non-participating properties identified in Paragraph 65, and otherwise deny the allegations in the third sentence of Paragraph 65.

66.     Defendants admit that Hilton's U.S. Appeals Committee reversed the prior decision denying the vesting claim of an individual who worked at Atlanta Hilton by letter dated February 4, 2016. Defendants deny the remaining allegations in Paragraph 66.

67.     To the extent the allegations in Paragraph 67 purport to summarize a decision in the *Kifafi* litigation, Defendants deny that Paragraph 67 accurately and completely summarizes that decision, and refer the Court to the decision for a true and complete account of its contents.

68.     Defendants admit that certain vesting claims have been denied at least in part because Plan records do not show actual hours worked and/or indicate the claimant had insufficient earnings.  Defendants deny the remaining allegations in Paragraph 68.

69.     To the extent the allegations in Paragraph 69 purport to summarize a District Court decision in the *Kifafi* litigation, Defendants deny that Paragraph 69 accurately and completely summarizes that decision, and refer the Court to the decision for a true and complete account of its contents.  To the extent Paragraph 69 consists of legal conclusions, no response is required.  Defendants otherwise deny the allegations in Paragraph 69.

69A.    To the extent the allegations in Paragraph 69A purport to summarize a decision in the *Kifafi* litigation, Defendants deny that Paragraph 69A completely and accurately summarizes

that decision, and refer the Court to the decision for a true and complete account of its contents. Defendants deny the remaining allegations in Paragraph 69A.

      69B.    To the extent the allegations in Paragraph 69B purport to summarize an order in the *Kifafi* litigation, Defendants deny that Paragraph 69B completely and accurately summarizes that order, and Defendants refer the Court to the order for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 69B.

      70.    Defendants lack knowledge or information sufficient to form a belief as to the identity of the individuals referenced in Paragraph 70.  Defendants admit that equivalencies would not apply to certain non-participating service or unsupported claims of additional service. Defendants otherwise deny the allegations in Paragraph 70.

      70A.    Defendants admit that Ms. Juneau-Cirne submitted a vested retirement benefits claim form in 2014 stating that she was employed with the Flamingo Hilton Reno between May 17, 1996 and November 10, 2000.  Defendants deny the remaining allegations in Paragraph 70A.

      71.    Defendants admit that certain individuals' appeals have been denied due to insufficient evidence.  Defendants deny the remaining allegations in Paragraph 71.

      72.    To the extent the allegations in Paragraph 72 purport to summarize representations contained in docket entries in the *Kifafi* litigation, Defendants deny that Paragraph 72 accurately and completely summarizes those docket entries, and refer the Court to the documents for a true and complete account of their contents.  *Kifafi* Docket No. 387-2 states: "[A]ll union service claims have now been determined and mailings made to claimants informing them whether they have determined to be vested or not. At Hilton's direction, Aon Hewitt evaluated each claim and counted any claimed vesting service regardless of whether the service was supported by any documentary proof."  *Kifafi* Docket No. 385-5 states: "To date,

701 individuals in the union service class have contacted AonHewitt; however, only 483 returned a signed claims form. . . . Defendants reviewed each of the claims forms received and credited any additional uncredited service, resulting in Defendants vesting 166 additional participants with benefits . . . ."   Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit that certain vesting claims were approved and others denied for the reasons set forth in individual letters sent to each participant.  Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants incorporate by reference all of the preceding responses as though fully set forth herein.

75.     Defendants admit that certain vesting claims have been denied at least in part on the basis that the claimant is not the surviving spouse of a Plan participant.  Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that Pedro Betancourt worked at the New York Hilton and that Plaintiff Peter Betancourt appealed a denial of vested benefits in July 2015.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first, second, and third sentences of Paragraph 76.  Defendants admit the fourth sentence of Paragraph 76.  Defendants further admit the November 18, 2015, letter denying Plaintiff Betancourt's appeal contained the language quoted in the fifth and six sentences of Paragraph 76.  Defendants deny that Plaintiff Betancourt's claim was denied "solely" because he was not the surviving spouse of Pedro Betancourt.

76A.   Defendants admit that the Hilton Administrative Committee's worksheet, produced to Plaintiffs' counsel in 2015, stated that Pedro Betancourt had 19 years of vesting service.  Defendants further admit that by Order dated August 31, 2011, the Court in *Kifafi*

14

ordered the defendants to "send a notice and claim form to members of the [union service] subclass whose records show a service date or a hire date the precedes the first year of participation in the Plan and who may become vested if such additional service is credited" (Dkt. 258), but otherwise deny Plaintiffs' characterization of the Order and refer the Court to the Order for its true and complete contents.  Defendants deny the remaining allegations in Paragraph 76A.

76B.    Defendants admit that internal Hilton records indicate that Pedro Betancourt's employment for Hilton concluded in 1979.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76B.

76C.    Defendants deny the allegations in Paragraph 76C.

77.    Defendants admit that the referenced orders from *Kifafi* contain the quoted language, and refer the Court to such orders for their true and complete contents.  Defendants further state that the referenced August 31, 2011, order appears at Dkt. No. 258.

77A.    To the extent Paragraph 77A contains Plaintiffs' characterization of the claims of Plaintiff Peter Betancourt and of the arguments made by Defendants in a memorandum of law, no response is required.  To the extent a response is required, Defendants deny that Plaintiff Peter Betancourt is entitled to relief and refer the Court to the referenced memorandum of law for a true and complete account of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77A.

77B.    To the extent the first sentence of Paragraph 77B contains Plaintiffs' characterization of the claims of Plaintiff Peter Betancourt, no response is required.  To the extent a response is required, Defendants deny that Plaintiff Peter Betancourt is entitled to relief. Defendants admit that Section 4.5(a) of the Plan provides for an annuity benefit to a participant's surviving spouse in certain circumstances.  Defendants deny the last sentence of Paragraph 77B.

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77B.

77C.   Defendants admit that Section 4.11 of the Plan and the referenced statutory provisions and Treasury regulation contain the language quoted in Paragraph 77C, and refer the Court to such documents for their true and complete contents.

77D.   Paragraph 77D contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that the referenced statutory provision, regulation, and case law contain the quoted language, deny Plaintiffs' characterization of those authorities, and refer the Court to such authorities for their true and complete contents.

77E.   The first and second sentences of Paragraph 77E contain conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the first sentence, admit that the referenced regulation contains the language quoted in the second sentence, deny Plaintiffs' characterization of the regulation and case law, and refer the Court to the regulation for its true and complete contents. Defendants deny the allegations in the final sentence of Paragraph 77E.

77F.   Paragraph 77F contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs have accurately quoted the referenced statutory provision, and refer the Court to the statute for its true and complete contents.

78.   Paragraph 78 has been "Removed," and no response is required.

79.   Paragraph 79 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that Hilton is required to comply with all *Kifafi* orders and deny the remaining allegations in Paragraph 79.

80.     Paragraph 80 has been "Removed," and no response is required.

81.     Defendants deny the first sentence of Paragraph 81.  Defendants admit that certain retroactive payments were made to the estates of deceased *Kifafi* class members, but deny that Pedro Betancourt was a *Kifafi* class member.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81.

82.     Defendants incorporate by reference all of the preceding responses as though fully set forth herein.

83.     Paragraph 83 purports to summarize certain legal authorities.  Defendants refer the Court to those authorities for a true and complete account of their contents.

84.     Paragraph 84 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

85A.    Defendants admit that Alston & Bird serves as counsel to the Plan.  Defendants deny the remaining allegations in Paragraph 85A.

85B.    Paragraph 85B consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85B.  To the extent the allegations in Paragraph 85B purport to summarize decisions in the *Kifafi* litigation, Defendants deny that Paragraph 85B completely and accurately summarizes those decisions, and refer the Court to those decisions for a true and complete account of their contents.

85C.    Defendants admit that the 2012 Plan contains a 180-day limitations period for lawsuits related to claims for benefits.  Defendants deny the remaining allegations in Paragraph 85C.

85D.   Paragraph 85D consists of legal conclusions and Plaintiffs' characterization of their claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85D.  To the extent the allegations in Paragraph 85D purport to summarize a document in the *Kifafi* litigation, Defendants deny that Paragraph 85D completely and accurately summarizes that document, and refer the Court to the document for a true and complete account of its contents.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs or any members of the putative class that Plaintiffs seek to represent are entitled to the relief sought in the Prayer for Relief or under any other theory, and Defendants request that the Court dismiss all claims against Defendants with prejudice and order such further relief as the Court deems just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants were, at all times, lawful, proper and consistent with their duties and obligations, and Defendants did not otherwise have any obligation or duty to take any other action.

## THIRD AFFIRMATIVE DEFENSE

No action or inaction by Defendants is the cause, in law or fact, of any injury Plaintiffs or members of the purported putative class suffered, and their alleged losses were not actually or proximately caused by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs, and the members of the class they seek to represent, is barred, in whole or in part, by the doctrine of laches, waiver, equitable estoppel, *in pari delicto,* unclean hands, and/or other related equitable doctrines.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, and the members of the class they seek to represent, do not meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, many of the purported putative class members are not entitled to any recovery.

## SEVENTH AFFIRMATIVE DEFENSE

The purported putative class is not certifiable under Rule 23.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the members of the class they seek to represent, against Defendants are barred, in whole or in part, by their own actions, omissions, and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs, and the members of the class they seek to represent, lack standing to assert and maintain their claims against Defendants because, *inter alia*, Plaintiffs lack standing to pursue claims related to properties at which they have never worked.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs, and the members of the class they seek to represent, are not entitled to any recovery from Defendants because one or more members of the purported putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the members of the class they seek to represent, are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs, and the members of the class they seek to represent, have failed to exhaust administrative remedies as required by ERISA and the Plan.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs, and the members of the class they seek to represent, seek injunctive, equitable, and other relief not authorized by the provisions of ERISA.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims raised by Plaintiffs, and the members of the class they seek to represent, are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims raised by Plaintiffs, and the members of the class they seek to represent, are barred by their failure to mitigate damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs, and the members of the class they seek to represent, are untimely under the doctrine of laches, the applicable statutes of limitation and the limitations periods set forth in the Plan document.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims raised by Plaintiffs, and the members of the class they seek to represent, are barred as a result of a failure to satisfy Plan terms.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs, and the members of the class they seek to represent, have failed to exhaust any claims or arguments not raised during the administrative review process, and are not entitled to raise such new arguments or claims during this lawsuit.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs, and the members of the class they seek to represent, are barred in whole or in part because Defendants' actions were procedurally and substantively prudent and cannot give rise to fiduciary liability under ERISA.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiffs, and the members of the class they seek to represent, are barred in whole or in part because Defendants' actions were loyal and cannot give rise to fiduciary liability under ERISA.

## ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS

Defendants assert and expressly reserve all rights with respect to all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery. Defendants also assert and expressly reserve all rights with respect to all other defenses that may be revealed during the course of discovery. Defendants expressly reserve the right to amend and/or supplement this Answer.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered all allegations contained herein, Defendants respectfully request that Plaintiffs' Complaint be dismissed, with prejudice, and that judgment be entered in Defendants' favor against Plaintiffs, and the members of the class they seek to represent, with reasonable costs of suit and fees. Defendants also request such other and further relief as the Court shall deem just and proper.

Dated: February 9, 2018

Respectfully submitted,

By: ___/s/ Andrew M. Lacy_____

Andrew M. Lacy (D.C. Bar #496644)
SIMPSON THACHER & BARTLETT LLP
900 G Street NW
Washington, D.C.  20001
Telephone:  (202) 636-5505
Facsimile:  (202) 636-5502
alacy@stblaw.com

Jonathan K. Youngwood (admitted *pro hac vice*)
Shannon K. McGovern (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
jyoungwood@stblaw.com

Patrick C. DiCarlo (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Fascimile: (404) 881-7777
Pat.DiCarlo@alston.com

*Attorneys for Defendants Hilton Hotels Retirement*
*Plan, Hilton Worldwide, Inc., Global Benefits*
*Administrative Committee, Mary Nell Billings, S.*
*Ted Nelson, and Casey Young*