UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE R. WHITE, *et al.*,

      Plaintiffs,

      v.

HILTON HOTELS RETIREMENT
PLAN, *et al.*,

      Defendants.

Civil Action No. 16-856 (CKK)

ORDER
(September 28, 2018)

Presently pending before the Court are Plaintiffs' [44] Motion for Class Certification and their [58] Motion for Leave to Amend Complaint to Add Additional Named Representative. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, in an exercise of its discretion the Court shall **DENY WITHOUT PREJUDICE** Plaintiffs' [44] Motion for Class Certification. The Court shall decide separately Plaintiffs' [58] Motion for Leave to Amend Complaint to Add Additional Named Representative ("Second Motion to Amend"). A brief summary of relevant procedural developments shall furnish the basis for the Court's present decision.

On November 2, 2017, the Court entered a [29] Scheduling and Procedures Order that set forth a number of deadlines to which the parties had agreed in the Court's Initial Scheduling Conference on November 1, 2017. One of those deadlines pertained to "Motions to amend pleadings or to join additional parties," which were due no later than November 8, 2017. Plaintiffs had requested the opportunity to amend, and had proposed that deadline to do so, in order to rectify deficiencies in Claim Three, which the Court had dismissed without prejudice. *See* Joint Rule 16.3 Report, ECF No. 27, at 3; Tr. of Initial Scheduling Conference at 10:3-13, ECF No. 32. Plaintiff

---

[1] The Court's consideration has focused on the following pleadings:

- Pls.' Mem. in Supp. of Mot. for Class Certification, ECF No. 44-1 ("Pls.' Class Cert. Mem.");
- Mem. of P&A in Opp'n to Pls.' Mot. for Class Certification, ECF No. 56 ("Defs.' Class Cert. Opp'n");
- Pls.' Reply in Supp. of Mot. for Class Certification, ECF No. 57 ("Pls.' Class Cert. Reply");
- Pls.' Mot. for Leave to Amend Compl. to Add Additional Named Representative, ECF No. 58 ("Pls.' 2d Mot. to Amend");
- Mem. of P&A in Opp'n to Pls.' Mot. for Leave to Amend Compl. to Add Additional Named Representative, ECF No. 60 ("Defs.' Opp'n to 2d Mot. to Amend"); and
- Pls.' Reply in Supp. of Mot. to Add Additional Named Representative, ECF No. 61 ("Pls.' Reply in Supp. of 2d Mot. to Amend").

Peter Betancourt's participation in this lawsuit, and the participation of putative class members that he would represent, depended on the reinstatement of that claim. Another of the deadlines provided in the Court's Scheduling and Procedures Order was for a Motion for Class Certification, due by January 15, 2018.

In keeping with the Court's Scheduling and Procedures Order, Plaintiffs timely filed their [33] Motion for Leave to Amend Pursuant to FRCP 15(a)(2), which the Court granted on January 24, 2018. Order, ECF No. 48; Mem. Op., ECF No. 49; *see also* 2d Am. Class Action Compl., ECF No. 50. The Court found that "Plaintiffs [had] reasonably attempted to address the reasons for which this Court initially dismissed Claim Three, and accordingly the litigation shall now proceed on the basis of their Second Amended Complaint." Mem. Op., ECF No. 49, at 3. Now that Peter Betancourt's claim was reinstated, the litigation would proceed with all three named Plaintiffs: Valerie R. White, Eva Juneau, and Mr. Betancourt.

Shortly before the Court granted leave to amend, Plaintiffs timely filed their [44] Motion for Class Certification.[2] Consistent with the Court's decision soon after filing, Plaintiffs' [44] Motion assumed that the Second Amended Complaint would apply, and they accordingly focused their memorandum on all three named Plaintiffs who would be implicated thereby. *See* Pls.' Class Cert. Mem. at 1 n.1. Nevertheless, in a footnote, they identified a potential deficiency in the efforts to certify a class as to Claim Two, where Ms. Juneau's claim might not be considered typical of the entire class. *See id.* at 18 n.4. Plaintiffs proposed that, "[i]f the Court required, Plaintiffs could add another person in addition to Ms. Juneau" to rectify the perceived potential deficiency. *Id.* Plaintiffs expressly contemplated that the mechanism for doing so would be the Court's decision to conditionally certify a class and instruct Plaintiffs to try to find a suitable representative of the remainder of Claim Two. *See id.* (citing Manual for Complex Litigation (Fourth) § 21.26 (2004)). Defendants objected that such a method would be futile, for it purportedly would not correct the underlying deficiency. *See* Defs.' Class Cert. Opp'n at 18-19. Evidently emboldened, Plaintiffs indicated in response that they intended to move for leave to amend, once again, this time to add a fourth named plaintiff to rectify the perceived deficiency. Pls.' Class Cert. Reply at 9.

While Plaintiffs' Motion for Class Certification was ripe and under advisement, Plaintiffs proceeded—without the Court's authorization—to file their [58] Motion for Leave to Amend Complaint to Add Additional Named Representative. Plaintiffs argued that this further attempt to amend, or alternatively for intervention of right or by permission, would address the perceived deficiency in typicality discussed in the parties' class certification briefing. *See, e.g.*, Pls.' 2d Mot. to Amend at 2. The Court observed that this second motion to amend was untimely, under the terms of the Court's [29] Scheduling and Procedures Order, but that the Court would permit briefing, in part due to the intervention arguments. Min. Order of Apr. 18, 2018. Defendants opposed Plaintiff's Second Motion to Amend based on, among other grounds, untimeliness and futility. *See* Defs.' Opp'n to 2d Mot. to Amend. That motion is now fully briefed.

In the Court's view, a decision as to Plaintiffs' Second Motion to Amend will affect the disposition of Plaintiffs' Motion for Class Certification. Denial of the Second Motion to Amend would require the Court to determine whether Ms. Juneau's claim is typical of all putative class members seeking to recover under Claim Two, and in turn whether she meets the other criteria for a proper representative under Federal Rule of Civil Procedure 23. Granting the Second Motion to

---

[2] As January 15, 2018, was a federal holiday, Plaintiffs' filing on January 16, 2018, was timely.

Amend, or recognizing intervention of right or by permission, would seem to obviate that inquiry as to a certain subset of putative class members seeking to recover under Claim Two.  The Court would instead evaluate whether a separate putative class representative—the fourth named plaintiff—meets the typicality and other Rule 23 criteria.  Deciding the Second Motion to Amend first would facilitate that inquiry, in part because the Court would assess futility in light of the potential for class certification.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing futility among factors in assessing whether leave to amend is warranted).  Further briefing of a renewed Motion for Class Certification also would assist the Court's review.  That briefing likely would not differ drastically from that associated with the present Motion for Class Certification, but it would differ enough to guide the Court's assessment—to the limited extent necessary at the class certification stage—of the employee benefits issue that lies at the intersection of the presently pending Motion for Class Certification and the Second Motion to Amend.

In an exercise of the Court's discretion to manage this case, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' [44] Motion for Class Certification.  The Court shall set a schedule for a renewed motion upon deciding Plaintiffs' [58] Motion for Leave to Amend Complaint to Add Additional Named Representative.

**SO ORDERED.**

Dated:  September 28, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge