## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VALERIE R. WHITE, *et al.*,

    Plaintiffs,

v.

HILTON HOTELS RETIREMENT PLAN, *et al.*,

    Defendants.

Civil Action No. 16-856 (CKK)

## MEMORANDUM OPINION
(December 17, 2019)

Plaintiffs seek reconsideration of this Court's denial, *see* March 31, 2019 Order, ECF No. 63, of their Motion for Leave to Amend Complaint to Add Additional Named Representative, ECF No. 58. The Court previously discussed the relevant background of this case in its March 31, 2019 Memorandum Opinion, ECF No. 64, to which it refers the reader. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court **DENIES** Plaintiffs'

---

[1] The Court's consideration has focused on the following:
- Pls.' Mot. to Reconsider March 31, 2019 Decision Denying Mot. to Add Add'l Named Representative ("Pls.' Mot. for Recons."), ECF No. 66;
- Defs.' Mem. of P. & A. in Opp'n to Pls.' Mot. to Reconsider March 31, 2019 Decision Denying Mot. to Add Add'l Named Representative ("Defs.' Opp'n to Mot. for Recons."), ECF No. 67; and
- Pls.' Reply in Supp. of Mot. to Reconsider March 31, 2019 Decision Denying Mot. to Add Add'l Named Representative ("Pls.' Reply in Supp. of Mot. for Recons."), ECF No. 68.

In addition, the Court has reviewed, as appropriate, the original briefing relating to Plaintiffs' Motion for Leave to Amend:
- Pls.' Mot. for Leave to Amend Compl. to Add Add'l Named Representative ("Pls.' Mot. to Amend"), ECF No. 58;
- Mem. of P. & A. in Opp'n to Pls.' Mot. for Leave to Amend Compl. to Add Add'l Named Representative ("Defs.' Opp'n to Pls.' Mot. to Amend"), ECF No. 60; and
- Pls.' Reply in Supp. of Mot. to Add Add'l Named Representative ("Pls.' Reply in Supp. of Mot. to Amend"), ECF No. 61.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

Motion to Reconsider March 31, 2019 Decision Denying Motion to Add Additional Named Representative, ECF No. 66.

## I. LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, the district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

While Rule 54(b) affords a procedural mechanism for courts to reconsider prior interlocutory orders, its actual text provides little guidance as to when reconsideration may be appropriate. *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18, 23 (D.D.C. Jan. 28, 2011). To fill this gap, the United States Court of Appeals for the District of Columbia has provided that relief under Rule 54(b) is available "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (quoting *Johnson-Parks v. D.C. Chartered Health Plan*, 806 F. Supp. 2d 267, 269 (D.D.C. 2011)). In the final analysis, the district court must ask whether relief upon reconsideration is "necessary under the relevant circumstances." *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (internal quotation marks omitted) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In this regard, the district court's discretion is broad. *Id.*

The party moving the court to reconsider its decision carries the burden of proving that some harm would accompany a denial of the motion to reconsider: "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if

reconsideration is refused." *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005). In other words, "the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Id.* But "to promote finality, predictability and economy of judicial resources, as a rule a court should be loathe to revisit its own prior decisions in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (internal quotation marks and alterations omitted) (quoting *Lederman v. United States*, 539 F. Supp. 2d 1, 2 (D.D.C. 2008)).

## II. DISCUSSION

Plaintiffs do not move for reconsideration on the basis that there is new law or evidence. Instead, they contend that four errors in the Court's March 31, 2019 Order and Memorandum Opinion renders reconsideration necessary. Defendants claim that there were no such errors, that any errors do not result in injustice, and that the Court had alternative bases on which to deny Plaintiffs' Motion for Leave to Amend the Complaint, ECF No. 58. Despite Plaintiffs' assertions that the grounds for denying Plaintiffs' Motion were not sufficiently addressed in the prior briefing, the parties previously addressed many of these issues at length. *See, e.g.*, Defs.' Opp'n to Pls.' Mot. to Amend at 9–14 (arguing futility as ground for denial); Pls.' Reply in Supp. of Mot. to Amend at 5–8 (responding to Defendants' futility arguments). Regardless, the Court will briefly consider each of Plaintiffs' arguments here.

First, Plaintiffs contend that the March 31, 2019 decision "does not conform with the 'law of the case' doctrine based on a 'reason' that the parties never 'squarely addressed.'" Pls.' Mot. for Recons. at 2. As the Court noted above, Plaintiffs did indeed respond to the general argument that amendment would be futile in the original briefing. *See* Pls.' Reply in Supp. of Mot. to Amend

3

at 5–8. So too did this Court consider Plaintiffs' law of the case doctrine argument. *See* March 31, 2019 Mem. Op. at 11–12. Now, Plaintiffs argue that the Court is bound by the law of the case established by this Court's August 18, 2017 decision finding that Plaintiffs had sufficiently plead a plausible claim under Rule 12(b)(6) as to non-participating services. *See* Pls.' Mot. for Recons. at 2–3. Plaintiffs' arguments do not convince this Court that it erred on this issue.

"The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)). It rests on the premise that "the *same* issue presented a second time in the *same* case in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). The "law-of-the-case doctrine is a prudential creation of the courts." *Id.* at 1395.

As Plaintiffs contend that this Court is bound by its prior August 18, 2017 Order on Defendants' Rule 12(b)(6) motion, some discussion of that decision is warranted. In ruling on that motion, the Court considered Defendants' arguments that this Court's decisions in *Kifafi* were inapposite to Ms. Eva Juneau's claim. August 18, 2017 Mem. Op., ECF No. 21, at 4. The Court explained that "the fact that the Court did not address this claim in *Kifafi* does not render it inactionable within the confines of this matter." *Id.* Moreover, the Court concluded that, specifically as to Ms. Juneau, "Plaintiffs ha[d] pleaded sufficient factual matter to stake out a plausible claim under Rule 12(b)(6)." *Id.* In short, the Court found that the complaint sufficiently pled this claim, but it did not examine *Kifafi*'s relevance to this claim. *See id.* at 1, 4.

The issues discussed related to the August 18, 2017 decision and those discussed regarding the Court's March 31, 2019 decision do not present "the same issue." *LaShawn A.*, 87 F.3d at

4

1393.  To begin with, the Court's discussion in the August 18, 2017 Memorandum Opinion and Order focused on the specific facts pleaded as to Ms. Juneau.  *See* August 18, 2017 Mem. Op. at 4 (discussing specific allegations regarding property at which Ms. Juneau worked); *see also* March 31, 2019 Mem. Op. at 2 ("[T]he Court touched on *Kifafi* but focused on the viability of Plaintiffs' individual claims, rather than those of the subclasses they proposed to represent.").  The Court therefore did not contemplate whether Mr. Hemphill, who did not work at the same property, could state a claim.  More importantly, the Court did not specifically consider "what if any effect its prior rulings in *Kifafi* may have" on the claims alleged in the complaint.  August 18, 2017 Mem. Op. at 1.

For these reasons, the earlier decision did not create any binding law of the case on the specific issue of whether *Kifafi* "decide[d] the right that Plaintiffs now purport to enforce based on *Kifafi*."  March 31, 2019 Mem. Op. at 11.  To the extent that it could be construed as doing so, the Court notes that this prudential doctrine is not a limit on this Court's power; courts may depart from prior rulings, especially when the prior motion was an interlocutory order such as a motion to dismiss.  *See Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment."); *Int'l Union, United Gov't Sec. Officers of Am. v. Clark*, 706 F. Supp. 2d 59, 64 (D.D.C. 2010) ("The Supreme Court has made clear that denial of a motion to dismiss is an interlocutory order."), *aff'd sub nom. Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25 (D.C. Cir. 2014).  Plaintiffs' argument on this basis therefore fails.

Second and third, Plaintiffs argue that this Court erred in assuming that issue preclusion only precludes the ultimate issue, rather than distinct issues of law and fact.  Pls.' Mot. for Recons. at 3–5.  Plaintiffs also argue that the Court erred because it assumed "that if this Court were to

5

determine that there were *no* rulings in *Kifafi*" that qualify for issue preclusion, it would be futile to add Mr. Hemphill. *See id.* at 5–7.

In their Motion, Plaintiffs identify several distinct issues from *Kifafi* that they contend qualify for issue preclusion in this case. *See id.* at 3–7. Plaintiffs previously raised some of these same issues in their prior briefing. *See, e.g.*, Pls.' Reply in Supp. of Mot. to Amend at 10–11 (discussing issues related to Defendants' record-keeping with respect to non-participating services); *id.* at 11–12 (discussing representations by Defendants' in *Kifafi* about consistency of crediting vesting service); Pls.' Mot. to Amend at 5 (relying upon language from May 15, 2009 summary judgment decision in *Kifafi* on distinct matter). The Court has already rejected many of Plaintiffs' arguments. *See* March 31, 2019 Mem. Op. at 10–12. Moreover, the issues raised by Plaintiffs are irrelevant to this Court's determination that "*Kifafi* did not adjudicate whether service at a non-participating Hilton Property that is not a Related Company must be counted toward vesting." *Id.* at 12; *see also id.* at 11 (explaining that language from *Kifafi* quoted by Plaintiffs was not relevant because it was decided in different context). Indeed, this Court refused to expand the vesting claims to all "non-participating service" in *Kifafi*. *Kifafi v. Hilton Hotels Ret. Plan*, 616 F. Supp. 2d 7, 30 (D.D.C. 2009) ("Kifafi seeks to expand this claim beyond union service to include all 'non-participating service.' *See* Pl.'s Reply at 38–43. Kifafi never moved to expand the scope of this sub-class and the Court never certified a 'non-participating service' class. The Court declines to revisit the scope of this sub-class at this late date."), *aff'd*, 701 F.3d 718, 732 (D.C. Cir. 2012) (specifically finding reasonable this Court's decision to limit the subclass in this way); *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 74 (D.D.C. 2010) ("The Court previously ruled that it would not expand Plaintiff's union service claim to include all 'non-participating' service because Kifafi never moved to expand the scope of the subclass and the

Court never certified a 'non-participating service' subclass."), *aff'd*, 701 F.3d 718, 732 (D.C. Cir. 2012) (specifically finding reasonable this denial). Even if these issues qualify for issue preclusion—and it is far from clear that they do—this would not change the fact that the specific issue underlying the claim at issue was not decided in *Kifafi*. This argument therefore provides no basis for reconsideration.

Fourth, Plaintiffs argue that the decision should be reconsidered because it contains errors regarding two decisions in *Kifafi*: the class certification decision in May 1999 and the August 2000 clarification of that decision. Like with the other alleged issues Plaintiffs have identified, however, even if these were errors, they would not impact the Court's ultimate decision. For example, Plaintiffs focus on the Court's statement that "[t]he Court's review of *Kifafi* strongly suggests that the 'Related Company' definition was never at issue in that litigation." March 31, 2019 Mem. Op. at 9. Plaintiffs explain that this was in error because the 'Related Company' definition was at issue based on briefing in *Kifafi*, copies of which Plaintiffs have provided. *See* Pls.' Mot. for Recons. at 7–8. While this sheds light on what was considered in *Kifafi*, that it may have been at issue does not impact this Court's ultimate finding that *Kifafi* did not decide whether service at a non-participating Hilton Property that is also not a Related Company is counted toward vesting. *See* March 31, 2019 Mem. Op. at 12. At bottom, Plaintiffs have failed to identify any error that would necessitate this Court reconsidering its prior denial.

Even if Plaintiff had done so, the Court also discussed alternative bases on which Plaintiffs' Motion could have been denied. As this Court noted in its prior Memorandum Opinion, Plaintiffs untimely filed their Motion without explanation, even though they had knowledge of the potential defects in their Second Amended Complaint. *See* March 31, 2019 Mem. Op. at 5. The delayed filing of this Motion also posed substantial prejudice to Defendants, especially as it came years

into the litigation. *See id.* at 5–6. These factors, which the Court must also weigh when considering whether to grant a motion for leave to amend a complaint, weighed heavily against granting Plaintiffs' Motion. Accordingly, justice does not require reconsideration in this case.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Reconsider March 31, 2019 Decision Denying Motion to Add Additional Named Representative, ECF No. 66. An appropriate Order accompanies this Memorandum Opinion.

Date: December 17, 2019

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge