UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE R. WHITE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HILTON HOTELS RETIREMENT PLAN, *et al.*, <br><br> Defendants. | Civil Action No. 16-856 (CKK) |

ORDER
(January 10, 2020)

The Court has received and reviewed the parties' [71] Joint Status Report. In the report, the parties explain how they wish to proceed with this case. Plaintiffs request supplemental class discovery and seeks to file a revised motion for class certification.

In particular, Plaintiffs base their request for class discovery on "factual representations in Defendants' May 13, 2019 opposition to" Plaintiffs' recent reconsideration motion. Joint Status Report, ECF No. 71, at 3–4. The main "factual representation" is Defendants' statement in a footnote that there is a "list the Plan used to distinguish 'participating' and 'non-participating' properties" and that "the latter only includes those properties that do not meet either the 'Related Company' or 'Participating Employer' definition." *See* Defs.' Mem. of P. & A. in Opp'n to Pls.' Mot. to Reconsider March 31, 2019 Decision Denying Mot. to Add Add'l Named Representative, ECF No. 67 at 8 n.5. Plaintiffs also rely upon other statements by Defendants in their briefing on Plaintiffs' recent motion for consideration; they also seek to "re-verify" some of Defendants' alleged inconsistencies. Joint Status Report at 4. Defendants oppose this request.

The Court agrees with Defendants that there is no good cause for supplemental class discovery at this juncture. To begin with, class certification discovery closed nearly two years ago on February 19, 2018, and reopening class discovery at this point will only delay proceedings in

1

this case even further.  Moreover, to the extent that Plaintiffs rely upon a footnote in Defendants' previous briefing, that reliance is unwarranted in light of the fact that Defendants produced the list to which they were referring—a fact that Plaintiffs do not contest.  *See* Joint Status Report at 6.  And, as Defendants note in the Joint Status Report, that list has apparently been attached as exhibits to documents filed on the docket for this case.  *See id.*  Nor do Plaintiffs explain why the discovery they want to request could not have been requested in the earlier class discovery period.  Plaintiffs have failed to convince this court that any additional discovery is necessary for their revised motion for class certification, particularly because Plaintiffs could have sought the requested discovery during the initial class discovery period.  Accordingly, additional class discovery is unwarranted.

Defendants further seek leave to file "a dispositive motion with respect to the issues raised by the Court's March 31, 2019 and December 17, 2019 decisions."  *Id.* at 7.  However, as Plaintiffs note in the Joint Status Report, Defendants have already filed two dispositive motions in this case.  *Id.* at 5; *see* Mot. to Dismiss, ECF No. 14 (motion to dismiss that was ultimately denied as moot, *see* Minute Order dated July 29, 2016); Mot. to Dismiss, ECF No. 18 (motion to dismiss that was granted in part and denied in part, *see* August 18, 2017 Mem. Op. and Order, ECF No. 21).  Considering that the Court has already thoroughly considered at least one dispositive motion, *see* August 18, 2017 Mem. Op. and Order, ECF No. 21, and that briefing another dispositive motion would only delay these proceedings even further, the Court concludes that there is no good cause to allow Defendants to file yet a third dispositive motion at this point.  This does not preclude Defendants from seeking to file another dispositive motion in the future after this Court has considered Plaintiffs' motion for class certification.

Lastly, Plaintiffs seek to file a revised motion for class certification in light of this Court's March 31, 2019 and December 17, 2019 rulings.  The Court's March 31, 2019 Order, ECF No. 63,

denied Plaintiffs' Motion for Leave to Amend Complaint to Add Additional Named Representative, ECF No. 58.  The Court's December 17, 2019 Order, ECF No. 69, denied Plaintiffs' Motion to Reconsider March 31, 2019 Decision Denying Motion to Add Additional Named Representative, ECF No. 66.  The Court earlier denied without prejudice Plaintiffs' Motion for Class Certification, ECF No. 44, in its September 28, 2018 Order, ECF No. 62.  Accordingly, based on this series of events and the case's current posture, the Court shall allow Plaintiffs to file a final renewed and revised motion for class certification.

Plaintiffs shall file their motion for class certification no later than **FEBRUARY 10, 2020**.  Defendants shall file their opposition, if any, by **FEBRUARY 24, 2020**.  And Plaintiffs shall file their reply, if any, by **MARCH 2, 2020**.

Date:   January 10, 2020                                          /s/
                                                                           **COLLEEN KOLLAR-KOTELLY**
                                                                           United States District Judge