UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE R. WHITE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  Case No. 16-CV-856 (CKK) |
| | ) |
| HILTON HOTELS RETIREMENT PLAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**(PROPOSED) ORDER ON CLASS CERTIFICATION**

Having considered Plaintiffs' Second Renewed Motion for Class Certification, Defendants' Response thereto, Plaintiffs' Reply, and the entire record in this matter, it is this \_\_\_ day of _____, 2020, hereby **ORDERED** that:

1.  The Plaintiffs' second renewed motion for class certification under Rule 23 is **GRANTED**.

2.  It is hereby **ORDERED** that pursuant to FRCP 23(a) and 23(b)(2), the certified class is defined as any and all persons who:

    (a)  Are former or current employees of Hilton Worldwide, Inc. or Hilton Hotels Corp., or the surviving spouses or beneficiaries of former Hilton employees;

    (b)  Submitted a claim for vested retirement benefits from Hilton under the claim procedures ordered by the District Court and the Court of Appeals in *Kifafi, et al., v. Hilton Hotels Retirement Plan, et al.*, C.A. 98-1517; and

    (c)  Have been denied vested rights to retirement benefits by the Hilton Defendants':

1

    (1)    Use of "fractional" years of vesting service under an "elapsed time" method to count periods of employment before 1976 with no resolution of whether the fractions constitute a "year of service" under ERISA;

    (2)    Refusal to count "non-participating" service for vesting purposes notwithstanding that the service was with a hotel property that Hilton operated under a management agreement, that the Hilton Defendants counted service at the same "Hilton Properties" in *Kifafi* and represented to this Court and the D.C. Circuit in *Kifafi* that Hilton had counted "non-participating" service with Hilton for vesting, and that the "records requested and received from Defendants do not identify any non-participating property that is also not a Related Company"; and

    (3)    Denial of retroactive/back retirement benefit payments to heirs and estates on the basis that the claimants are "not the surviving spouse" of deceased vested participants.

3.    It is further **ORDERED** that, pursuant to FRCP 23(c)(1)(B), the claims certified for class action treatment are:

<u>Claim One</u>:    Whether the Hilton Defendants' use of "fractional" years of vesting service under an "elapsed time" method to count periods of employment before 1976 with no resolution of whether the fractions constitute a "year of service" is a violation of ERISA's vesting rules, the Department of Labor's and IRS's transition regulations for going from elapsed time to hours of service, and this Court's decisions in *Kifafi v. Hilton Hotels Retirement Plan*.

<u>Claim Two</u>:    Whether the Hilton Defendants' refusal to count "non-participating" service for vesting, notwithstanding that the service was with the "employer" under

ERISA §3(5), that the Hilton Defendants counted service at the same "Hilton Properties" in *Kifafi* and represented to this Court and the D.C. Circuit in *Kifafi* that Hilton had counted "non-participating" service with Hilton for vesting, and that the "records requested and received from Defendants do not identify any non-participating property that is also not a Related Company," is a violation of ERISA §§3(5) and 203(b)(1) and the related case law, including *Holt v. Winpisinger*, 811 F.2d 1532, 1537 (D.C. Cir. 1987), and ERISA's fiduciary duties and regulations on applying plan provisions "consistently with respect to similarly situated claimants" and keeping records necessary "to determine hours of service."

Claim Three: Whether Defendants' denial of claims to retroactive/back benefits to heirs and estates on the basis that the claimants are "not the surviving spouse" of the deceased vested participants is a violation of ERISA's fiduciary duties and nonforfeiture rules, the retroactive payment provisions of Hilton's Plan, and this Court's decisions in *Kifafi v. Hilton Hotels Retirement Plan*.

4.   It is further **ORDERED** that Plaintiffs' counsel, Stephen R. Bruce and Allison C. Pienta, are appointed to represent the certified class, and that named Plaintiffs Valerie R. White, Eva Juneau, and Peter Betancourt are appointed as class representatives.

It is so **ORDERED**.

_____
Hon. Colleen Kollar-Kotelly