UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALERIE R. WHITE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CV-856 (CKK) |
| | ) | |
| HILTON HOTELS RETIREMENT PLAN, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECLARATION OF ALLISON C. PIENTA

I, Allison C. Pienta, being over the age of 21 and competent to testify, make this declaration under 28 U.S.C. §1746 based on personal knowledge from my work as an attorney for Plaintiffs in this action:

1.      Attached as Exhibit 1 is the Hilton Retirement "Calculator" print-out for Valerie White showing her "Svc Date" of 6/21/1972 (P0006) and an individual worksheet for Ms. White produced by the Hilton Defendants showing 9.52957 years of vesting service with no application of ERISA's hours of service equivalencies to the fractional part of the year (HH001325).

2.      Attached as Exhibit 2 is the Hilton Retirement "Calculator" print-out for Eva Juneau showing her "Hire Date" of 4/22/1991 (P0025) and an individual worksheet for Ms. Juneau produced by the Hilton Defendants showing 4 years of vesting service with no vesting credit for her service before 8/1/1992 or her service after 12/31/1995 (D001360).

3.      Attached as Exhibit 3 are documents produced by Eva Juneau, including a Hilton scholarship awarded to her son, all of which indicate her employment with the Flamingo Hilton after May 16, 1996 (P0012-15).

4.      Attached as Exhibit 4 is the Hilton Retirement "Calculator" print-out for Pedro Betancourt showing a "Svc Date" of 10/3/1943 (P0034) and an individual worksheet for Mr. Betancourt produced by the Hilton Defendants showing 19 years of vesting service with no payment of any benefits to him, his wife Delia, or their son and sole heir, Peter Betancourt (D000162).

5.      Attached as Exhibit 5 is a Hilton Hotels newsletter featuring a photo of Pedro Betancourt at his 1979 retirement party following his "32 years" of service with Hilton Hotels as "Steward of Stewards."

6.      Attached as Exhibit 6 is a 7/14/2015 email from Patrick DiCarlo of Alton & Bird to Hilton Appeals Committee members attaching a "List of key vesting rules" (WHITEDEFS0001261, 1276).

7.      Attached as Exhibit 7 are individual worksheets produced by the Hilton Defendants showing participants with "fractional" years of service who Hilton deemed "**Not Vested**" (WHITEDEFS0011352, 11754, 15028, 15051).

8.      Attached as Exhibit 8 are Minutes of a 6/15/2015 meeting of Hilton's U.S. Appeals Committee indicating a "unanimous" agreement that "rounding-up would not be consistent with the terms of the Plan" (WHITEDEFS0001257-1260).

9.      Attached as Exhibit 9 are individual worksheets produced by the Hilton Defendants showing "0" vesting service provided in years when the "Participating Property" is coded "N" (D002259, WHITEDEFS0010661, 11394, 15722).

10.     Attached as Exhibit 10 are extracts from "Analysis Spreadsheets" produced in Defendants' Initial Disclosures with flags to mark participants as "Deceased - claimant is not the surviving spouse" (WHITEDEFS0001302-03, 1324-26).

11.     Attached as Exhibit 11 is a "Flowchart for Remedy Benefits Payable to Deceased Participants" prepared by Alston & Bird for Hilton and the Plan's fiduciaries (WHITEDEFS0001219-23).

12.     Attached as Exhibit 12 are excerpts from the "Management Agreements" that Hilton produced as "reasonably available" in February 2018 which state that "Hilton will hire, discharge, promote, and supervise the work of the executive staff of the Hotel and will supervise through said executive staff ... all other operating and service employees of the Hotel."

13.     Attached as Exhibit 13 are excerpts from Hilton Worldwide's 2018 10-K annual report that include the people who are work at the hotel properties that Hilton manages as Hilton employees.

14.     Attached as Exhibit 14 are appeal denial letters for Peter Betancourt and three other members of the proposed subclass in which Hilton's Committee asserts a statute of limitations as an additional basis for not paying back benefits to estates and

3

heirs with no assertion of how the deceased participant had "actual knowledge" or there

was a "clear repudiation" to start the limitations period.  Altogether, I count 14 of the 29

members of this proposed subclass where Hilton's Committee asserted statute of

limitations as an additional ground for not paying past due retirement benefits with no

description of the basis under the terms of the Plan or ERISA for doing that.

15.     Attached as Exhibit 15 are counsel's fee agreements with the named

Plaintiffs Valerie White, Eva Juneau, and Peter Betancourt.

16.     The attached Declarations of Valerie White, Eva Juneau, and Peter

Betancourt were originally filed with Plaintiffs' January 16, 2018 motion for class

certification (Dkt.#44) and are re-filed here in support of Plaintiffs' second renewed

motion. The undersigned personally spoke to each of the named Plaintiffs to confirm that

the information contained in those Declarations continues to be correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2020, in Washington, D.C.

_____
    Allison C. Pienta