| | |
|---|---|
| **From:** | Vaughan, Beth |
| **To:** | Casey Young (Casey.Young3@Hilton.com) |
| **CC:** | Schendt, Tom; DiCarlo, Pat; Frank.Connolly@Hilton.com; Mary.Nell.Billings@hilton.com; mary.dickerson@hilton.com; Mary Jones |
| **Sent:** | 3/28/2016 6:16:12 PM |
| **Subject:** | Hilton - 23 Claims (due 4/3) - recommendation regarding Willie Dyer (also an Heirs claim) |
| **Attachments:** | RE HHRP - 23 Vesting Claims.msg; 21422914_2 (2).docx; Meek, Willie L - Info Form.pdf |

Casey,

We are forwarding a separate email with a spreadsheet regarding the majority of the claims in the 23 Claims group, but as you'll see below, we have another claim in the group that is somewhat different from the other claims.

The participant, Willie Dyer is deceased, and there is a vesting claim pending in the 23 Claims group, as well an heirs claim regarding Willie's benefits.

Aon emailed Emily Hootkins previously to say that Willie "has always been vested." The remedy benefit amount is ███████. Attached is the PDF with the benefits summary from Aon and the info form that was submitted by Willie's child.

Aon also said that Willie did not begin receiving her retirement benefit or any kind of payment before her death. However, Aon says that Willie selected the "ANN" form of payment. The Info Form states that she had a husband who was living at the time of her death.

Following the heirs flowchart (attached), when a participant was considered vested before Kifafi, but did not commence benefits payments before their death, and had a surviving spouse, a benefit is generally payable under the terms of the Plan. Following the flowchart, it appears that Willie's benefits would be payable to her husband, who survived her.

From the Info Form, it sounds like Willie's spouse survived her but died at a later time. We would like to recommend to Hilton that a letter be sent to the heirs claimants to state that Willie was vested under the terms of the Plan and that it appears that the benefit would be payable to her husband at the time of her death, James Robert Dyer. If James Robert Dyer is now deceased (which the Info Form implies), then Mr. Dyers' estate would be entitled to the remedy benefit.

Please let us know if you are okay with this approach.

Thanks,

-Beth

**EXHIBIT 11**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WHITEDEFS0001219

Elizabeth Wilson Vaughan

Alston & Bird LLP

One Atlantic Center

1201 West Peachtree Street

Atlanta, GA 30309-3424

Phone: ███████

Fax: ███████

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WHITEDEFS0001220

**Flowchart for Remedy Benefits Payable to Deceased Participants**

This flowchart explains the rules for paying benefits due as a result of the *Kifafi* litigation, and is consistent with the scope of Appendix D of the missing persons policy. It does not address benefits payable in the ordinary course of administering the Plan absent the *Kifafi* litigation. Both increased benefits due to the back-loading remedy as well as payments to participants who were not previously considered vested are treated as remedy benefits.

1.  Did the participant commence retirement benefits prior to death?

    (a) If yes, a Kifafi benefit is payable based on the following rules of priority.

       i   To the participant if alive.

           (1) If the participant elected the Ten Year Certain form of payment, to whoever the participant designated as beneficiary.

           (2) If the designated beneficiary is deceased, the portion of the remedy benefit attributable to the beneficiary is paid to the designated beneficiary's estate.

           (3) For example, if a participant elects the Ten Year Certain form of payment, and dies exactly 5 years after payments commence, half of the remedy benefit goes to the participant's estate and half of the remedy benefit goes to the estate of the designated beneficiary, if different.

           (4) As a further example, if a participant elects a ten year certain benefit, and receives the full amount, any remedy benefit is payable to the designated beneficiary, if alive. If the designated beneficiary is no longer alive, payment should be made to the participant's estate.

       ii  To the surviving spouse, if living.

       iii To the participant's estate.

ADMIN/21422914v2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WHITEDEFS0001221

    (1) However, if the participant elected a joint and survivor annuity, the portion of the remedy benefit attributable to the spouse is paid to the spouse's estate.

  (b) If no, go to question 2.

2. Did the participant leave a surviving spouse?

  (a) If yes, benefits are generally payable pursuant to the Plan's surviving spouse rules as described in § 4.7 of the Plan.

    i If a surviving spouse benefit was payable, but the spouse has since died, the benefit is payable to the spouse's estate.

    ii However, if the surviving spouse's benefit does not become payable prior to her/his death, it may be that no benefit is payable at all under § 4.7.  For example, if the participant and spouse both die prior to age 55, no benefit is payable.

  (b) If no, go to question 3.

3. Is the participant newly vested per *Kifafi*?

  (a) If yes, go to question 4.

  (b) If no, then no benefits are payable.

4. Was the participant eligible to retire before death?

  (a) If yes, a benefit is payable to the participant's estate.

  (b) If no, then no benefits are payable.

If payment is owed to an estate, generally the check should be made payable to the person's estate and mailed to the court-appointed executor or administrator.  However, in certain circumstances, it may be appropriate for payment to be issued directly to the beneficiaries of the person's estate.  Hilton's approval is required for all payments made directly to the beneficiaries of an estate.  When making payments to the beneficiaries of an estate, the remedy benefit should generally be paid pursuant to the residuary

2

ADMIN/21422914v2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WHITEDEFS0001222

estate provisions in the will.  If there is no will, the remedy benefit should be paid pursuant to intestacy rules, generally in the following order:

      i      Children or their lineal descendants, per stirpes.

      ii     Parents.

      iii    Siblings or their descendants, per stirpes.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WHITEDEFS0001223