

Hilton Worldwide
755 Crossover Lane
Memphis, TN 38117

EXHIBIT 14

November 18, 2015

Peter Betancourt

Pembroke Pines, FL

RE: Appeal under the Hilton Hotels Retirement Plan

Dear Mr. Betancourt:

I am writing to you on behalf of the Hilton U.S. Appeals Committee (the "Committee") with respect to the appeal of the denial of your claim for benefits under the Hilton Hotels Retirement Plan ("the Plan") based on P. Betancourt's employment with Hilton Hotels.

The Committee has considered your appeal and has determined that the decision to deny your claim was appropriate. As a result, the Committee regrets to inform you that it has upheld the prior decision to deny your claim for benefits under the Plan. This letter outlines the Committee's reasons for this determination.

Because the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the Committee is required to follow certain procedures. Among other things, ERISA requires the Committee to follow the written terms of the Plan, to manage the Plan impartially for all participants and to ensure that requests such as yours are given fair consideration.

Your appeal is denied because you are not the surviving spouse of P. Betancourt. Under the Plan, a surviving spouse benefit is payable in certain situations. See Hilton Hotels Retirement Plan § 4.7. However, the applicable Plan document does not provide for a death benefit to anyone other than the surviving spouse. Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

Your claim is also denied as untimely. A limitations period of, at most, five years applies to your benefit claim. *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim). Your claim (if any) accrued, at the latest, on the later of what would have been P. Betancourt's Normal Retirement Date (generally, age 65) or P. Betancourt's date of death. *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date." Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred. Thus, you are not entitled to a death benefit under the Plan.



This letter constitutes a denial of your appeal under the Plan's claims procedures. In connection with this appeal, you or your authorized representative are entitled to receive, upon request and free of charge, reasonable access to and copies of all relevant documents, records, and other information relevant to your claim.

The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter.

Sincerely,

Mary Nell Billings

Hilton U.S. Appeals Committee
By Its Chair, Mary Nell Billings
Senior Director Global Retirement Programs
Hilton Worldwide



Hilton Worldwide
755 Crossover Lane
Memphis, TN 38117

June 3, 2015

L L Giles
ATTN: Nathan Lynn Giles

Washington, DC

      RE:    Your Claim for Benefits from the Hilton Hotels Retirement Plan

Dear Mr. Giles:

I am writing in response to the claim you submitted to the Hilton Hotels Retirement Plan (the "Plan"). For the reasons described in more detail below, I regret to inform you that I must deny your claim because you are not entitled to a death benefit under the Plan.

Because the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), we are required to follow certain procedures. Among other things, ERISA requires us to manage the Plan for the benefit of all participants and to ensure that requests such as yours are given fair consideration. Therefore, your claim has been submitted to me, as the proper delegate of Hilton's U.S. Appeals Committee, for evaluation. In this regard, I have reviewed your claim pursuant to the duties imposed by ERISA, the written terms of the Plan, the Plan's records and the information and documents you provided.

Employees who terminated after January 1, 1989 need at least five years of service to become vested; employees who terminated prior to January 1, 1989 need at least ten years of vesting service. *See* Hilton Hotels Retirement Plan § 4.6; *see also* Plan Article I, defining capitalized terms, including "Years of Vesting Service." The Plan contains rules for counting employees' years of vesting service, including specific rules for certain circumstances. *See* Plan Article I, defining capitalized terms, including "Years of Vesting Service."

Your claim is denied because you are not the surviving spouse of L L Giles. Under the Plan, a surviving spouse benefit is payable in certain situations. *See* Hilton Hotels Retirement Plan § 4.7. However, the applicable Plan document does not provide for a death benefit to anyone other than the surviving spouse. Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

Your claim is also denied as untimely. A limitations period of, at most, five years applies to your benefit claim. *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim). Your claim (if any) accrued, at the latest, on the later of what would have been L L Giles's Normal Retirement Date (generally, age 65) or L L Giles's date of death. *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date." Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred. Thus, you are not entitled to a death benefit under the Plan.

          



Further, L L Giles was required to commence his/her retirement benefits, at the latest, on the first day of April following the later of the calendar year in which he/she attained age 70½ or retired. *See* Hilton Hotels Retirement Plan § 4.9. Since more than 5 years have passed between that date and the date your claim was submitted, any claim for benefits by L L Giles is time-barred. Thus, you are similarly not entitled to a death benefit under the Plan due to the service of L L Giles. Further, since L L Giles died after benefits (if any) were required to be paid, he/she died after his/her "Annuity Starting Date." Thus, you are not entitled to a death benefit under the Plan. *See* Hilton Hotels Retirement Plan § 4.7.

**Appeal Rights**

This letter is a denial of your claim pursuant to the Plan's claims procedures. You may, however, submit a written appeal of this decision. To request a review of this decision, you must file a written request with the U.S Appeals Committee within 60 days after the date you received this denial at the following address:

Hilton Worldwide, Inc.
Attn: U.S. Appeals Committee
Building A, 2nd Floor, Benefits
755 Crossover Lane
Memphis, TN 38117

In connection with a request for review of this denial, you have the right to submit written comments and any other documents or other information relevant to your appeal. You should submit any evidence or argument you believe indicates L L Giles is vested under the Plan and that you are entitled to a death benefit under the Plan. If you disagree with any of the statements contained in this letter, you should submit with your appeal any evidence and/or argument that supports your contention. You also have the right to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to your claim.

If you choose to appeal this decision, the U.S. Appeals Committee will issue a written decision upon review within 60 days after it receives your request for review, subject to the right to extend the review period another 60 days, in certain circumstances. If additional time is needed to decide your appeal, the U.S. Appeals Committee will notify you within the initial 60-day period that additional time is needed, why additional time is needed and when a decision will be expected to be issued. The written decision upon review will contain specific reasons for the decision and specific references to the relevant Plan provisions upon which the decision is based. If your claim is denied upon review, you will have the right to bring a civil action under Section 502(a) of ERISA within 180 days from the date your appeal is denied.

Please note that under ERISA, you are required to first comply with this appeals procedure before pursuing your claim in any judicial or administrative proceeding. If you do not timely pursue and exhaust your rights under this procedure, this decision will become final and preclude your right to receive judicial or administrative review of this decision.



Hilton Worldwide
755 Crossover Lane
Memphis, TN 38117

December 16, 2015

Frances Eve Delargo

Myerstown, PA

    RE: Appeal under the Hilton Hotels Retirement Plan

Dear Ms. Delargo:

  I am writing to you on behalf of the Hilton U.S. Appeals Committee (the "Committee") with respect to the appeal of the denial of your claim for benefits under the Hilton Hotels Retirement Plan ("the Plan") based on Camille Privitera's employment with Hilton Hotels.

  The Committee has considered your appeal and has determined that the decision to deny your claim was appropriate. As a result, the Committee regrets to inform you that it has upheld the prior decision to deny your claim for benefits under the Plan. This letter outlines the Committee's reasons for this determination.

  Because the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the Committee is required to follow certain procedures. Among other things, ERISA requires the Committee to follow the written terms of the Plan, to manage the Plan impartially for all participants and to ensure that requests such as yours are given fair consideration.

  Your appeal is denied because you are not the surviving spouse of Camille Privitera. Under the Plan, a surviving spouse benefit is payable in certain situations. See Hilton Hotels Retirement Plan § 4.7. However, the applicable Plan document does not provide for a death benefit to anyone other than the surviving spouse. Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

  Your claim is also denied as untimely. A limitations period of, at most, five years applies to your benefit claim. *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim). Your claim (if any) accrued, at the latest, on the later of what would have been Camille Privitera's Normal Retirement Date (generally, age 65) or Camille Privitera's date of death. *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date." Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred. Thus, you are not entitled to a benefit under the Plan.



This letter constitutes a denial of your appeal under the Plan's claims procedures. In connection with this appeal, you or your authorized representative are entitled to receive, upon request and free of charge, reasonable access to and copies of all relevant documents, records, and other information relevant to your claim.

The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter.

Sincerely,

Mary Nell Billings

Hilton U.S. Appeals Committee
By Its Chair, Mary Nell Billings
Senior Director Global Retirement Programs
Hilton Worldwide



Hilton Worldwide
755 Crossover Lane
Memphis, TN 38117

February 4, 2016

***VIA EXPFRESS MAIL***

Gail Sherk Mitchell

Fort Worth, TX

RE: Appeal under the Hilton Hotels Retirement Plan

Dear Ms. Mitchell:

I am writing to you on behalf of the Hilton U.S. Appeals Committee (the "Committee") with respect to the appeal of the denial of your claim for benefits under the Hilton Hotels Retirement Plan ("the Plan") based on Vivian Sherk's employment with Hilton Hotels.

The Committee has considered your appeal and has determined that the decision to deny your claim was appropriate. As a result, the Committee regrets to inform you that it has upheld the prior decision to deny your claim for benefits under the Plan. This letter outlines the Committee's reasons for this determination.

Because the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the Committee is required to follow certain procedures. Among other things, ERISA requires the Committee to follow the written terms of the Plan, to manage the Plan impartially for all participants and to ensure that requests such as yours are given fair consideration.

Your appeal is denied because you are not the surviving spouse of Vivian Sherk. Under the Plan, a surviving spouse benefit is payable in certain situations. See Hilton Hotels Retirement Plan § 4.7. Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

Your claim is also denied as untimely. A limitations period of, at most, five years applies to your benefit claim. *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim). Your claim (if any) accrued, at the latest, on the later of what would have been Vivian Sherk's Normal Retirement Date (generally, age 65) or Vivian Sherk's date of death. *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date." Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred. Thus, you are not entitled to a death benefit under the Plan.



Moreover, Vivian Sherk was required to commence her retirement benefits, at the latest, on the first day of April following the later of the calendar year in which she attained age 70½ or retired. *See* Hilton Hotels Retirement Plan § 4.9. Since more than 5 years have passed between that date and the date your claim was submitted, any claim for benefits by Vivian Sherk is time-barred. Thus, you are similarly not entitled to a death benefit under the Plan due to the service of Vivian Sherk. Further, since Vivian Sherk died after benefits (if any) were required to be paid, she died after her "Annuity Starting Date." Thus, you are not entitled to a death benefit under the Plan. *See* Hilton Hotels Retirement Plan § 4.7.

This letter constitutes a denial of your appeal under the Plan's claims procedures. In connection with this appeal, you or your authorized representative are entitled to receive, upon request and free of charge, reasonable access to and copies of all relevant documents, records, and other information relevant to your claim.

The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter.

Sincerely,

Mary Nell Billings

Hilton U.S. Appeals Committee
By Its Chair, Mary Nell Billings
Senior Director Global Retirement Programs
Hilton Worldwide

Hilton Worldwide
755 Crossover Lane
Memphis, TN 38117

November 20, 2015

Gwendolyn Deloris Thorpe
1
Miami Gardens, FL

RE: Appeal under the Hilton Hotels Retirement Plan

Dear Ms. Thorpe:

I am writing to you on behalf of the Hilton U.S. Appeals Committee (the "Committee") with respect to the appeal of the denial of your claim for benefits under the Hilton Hotels Retirement Plan ("the Plan") based on Mildred West's employment with Hilton Hotels.

The Committee has considered your appeal and has determined that the decision to deny your claim was appropriate. As a result, the Committee regrets to inform you that it has upheld the prior decision to deny your claim for benefits under the Plan. This letter outlines the Committee's reasons for this determination.

Because the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the Committee is required to follow certain procedures. Among other things, ERISA requires the Committee to follow the written terms of the Plan, to manage the Plan impartially for all participants and to ensure that requests such as yours are given fair consideration.

Your appeal is denied because you are not the surviving spouse of Mildred West. Under the Plan, a surviving spouse benefit is payable in certain situations. See Hilton Hotels Retirement Plan § 4.7. However, the applicable Plan document does not provide for a death benefit to anyone other than the surviving spouse. Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

Your claim is also denied as untimely. A limitations period of, at most, five years applies to your benefit claim. *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim). Your claim (if any) accrued, at the latest, on the later of what would have been Mildred West's Normal Retirement Date (generally, age 65) or Mildred West's date of death. *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date." Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred. Thus, you are not entitled to a death benefit under the Plan.



This letter constitutes a denial of your appeal under the Plan's claims procedures. In connection with this appeal, you or your authorized representative are entitled to receive, upon request and free of charge, reasonable access to and copies of all relevant documents, records, and other information relevant to your claim.

The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter.

Sincerely,

Mary Nell Billings

Hilton U.S. Appeals Committee
By Its Chair, Mary Nell Billings
Senior Director Global Retirement Programs
Hilton Worldwide