# EXHIBIT E



Hilton Worldwide
755 Crossover Lane
Memphis, TN  38117

May 29, 2015

Eva Juneau
730 Gordon Ave
Reno, NV  89509

      RE:    Hilton Hotels Retirement Plan

Dear Ms. Juneau:

I am writing in response to the claim you submitted under the Hilton Hotels Retirement Plan (the "Plan").  For the reasons described in more detail below, I regret to inform you that I must deny your claim because you are not vested under the Plan.

Because the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), we are required to follow certain procedures.  Among other things, ERISA requires us to manage the Plan for the benefit of all participants and to ensure that requests such as yours are given fair consideration.  Therefore, your claim has been submitted to me, as the proper delegate of Hilton's U.S. Appeals Committee, for evaluation.  In this regard, I have reviewed your claim pursuant to the duties imposed by ERISA, the written terms of the Plan, the Plan's records and the information and documents you provided.

Employees who terminated after January 1, 1989 need at least five years of service to become vested; employees who terminated prior to January 1, 1989 need at least ten years of vesting service.  *See* Hilton Hotels Retirement Plan § 4.6; *see also* Plan Article I, defining capitalized terms, including "Years of Vesting Service."  The Plan contains the rules for counting employees' years of vesting service, including specific rules for certain situations.  *See* Plan Article I, defining capitalized terms, including "Years of Vesting Service."

Your claim form identifies additional or different dates of employment with a Hilton Hotel than the Plan's records.  These additional or different dates of employment are not supported by the Plan's records or other corroborating documentation.  If you are able to provide evidence of your employment during the additional or different dates of employment, you may be entitled to additional vesting credit for those years.  Such evidence may include, among other things, any tax returns, paystub records, or employment records.  Since there is currently insufficient evidence that you were employed by a Hilton Hotel during the additional or different dates identified on your claim form, this service was not included in determining whether you are vested.

Looking to the Plan's records of actual hours of service and/or using equivalencies, where applicable, for periods of time supported by the Plan's records, you do not meet the minimum



number of years of vesting service. Accordingly, I must deny your claim because you are not vested under the Plan. You do not have the minimum number of years of vesting service. Thus, you are not entitled to a retirement benefit under the Plan. *See* Hilton Hotels Retirement Plan § 4.6.

Please note that, according to the Plan's records and the information and documents you provided, you were employed at a non-participating property during a portion of your employment with Hilton properties. Vesting credit is not available for your employment at a non-participating property. The Plan looks to the "Hours of Service" completed during each "Vesting Computation Period" by an "Employee" in determining whether to award vesting credit. *See* Plan Article I, defining capitalized terms, including "Years of Vesting Service." Pursuant to these defined terms, the Plan requires employment at either a Participating Employer or Related Company for vesting credit. Since you had service at a non-participating property that is not a Related Company or Participating Employer, you are not entitled to any vesting credit for such service. Thus, you are not entitled to a retirement benefit under the Plan. *See* Hilton Hotels Retirement Plan § 4.6

**Appeal Rights**

This letter is a denial of your claim pursuant to the Plan's claims procedures. You may, however, submit a written appeal of this decision. To request a review of this decision, you must file a written request with the U.S Appeals Committee within 60 days after the date you received this denial at the following address:

> Hilton Worldwide, Inc.
> Attn: U.S. Appeals Committee
> Building A, 2nd Floor, Benefits
> 755 Crossover Lane
> Memphis, TN 38117

In connection with a request for review of this denial, you have the right to submit written comments and any other information relevant to your appeal. You should submit any evidence or argument you believe indicates that you are vested under the Plan. Specifically, any information you have indicating that you should be credited with five or more years of service for vesting purposes should be submitted. If you believe you worked the requisite number of hours per year to be vested, you should submit evidence and arguments supporting that contention. Such evidence may include, among other things, any tax returns, paystub records, or employment records. You also have the right to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to your claim.

If you choose to appeal this decision, the U.S. Appeals Committee will issue a written decision upon review within 60 days after it receives your request for review, subject to the right to

extend the review period another 60 days.  If additional time is needed to decide your appeal, the U.S. Appeals Committee will notify you within the initial 60-day period that additional time is needed, why additional time is needed and when a decision will be expected to be issued.  The written decision upon review will contain specific reasons for the decision and specific references to the relevant Plan provisions upon which the decision is based.  If your claim is denied upon review, you will have the right to bring a civil action under Section 502(a) of ERISA within 180 days from the date your appeal is denied.

Please note that under ERISA, you are required to first comply with this appeals procedure before pursuing your claim in any judicial or administrative proceeding.  If you do not timely pursue and exhaust your rights under this procedure, this decision will become final and preclude your right to receive judicial or administrative review of this decision.

Thank you for your patience during this process.

Sincerely,

**Casey Young**
Manager, Retirement Benefits - The Americas
Hilton Worldwide
Delegate, U.S. Appeals Committee

3