# EXHIBIT F

**STEPHEN R. BRUCE LAW OFFICES**
1667 K ST NW STE 410
WASHINGTON, DC 20006-1653
202-289-1117
Email: stephen.bruce@prodigy.net

July 22, 2015

**BY FEDERAL EXPRESS**

Hilton Worldwide, Inc. U.S. Appeals Committee
Building A, 2nd Floor, Benefits
755 Crossover Lane
Memphis, TN 38117

Re:   Review of Denial of Vesting Claim of Eva Juneau (PIN 205438)

Dear Members of the Hilton Worldwide, Inc. U.S. Appeals Committee:

      On June 2, 2015, I received a letter on behalf of Hilton's U.S. Appeals Committee denying Eva Juneau's claim for a vested retirement benefit from the Hilton Hotels Retirement Plan. I submitted that claim with a batch of others on December 5, 2014. I am now appealing the denial of that claim on behalf of Ms. Juneau, as well as requesting all documents relevant to the basis for the initial denial in accordance with 29 C.F.R. 2560.503-1(h).

      As shown in Hilton's service records and Ms. Juneau's claim form, Ms. Juneau had service with Hilton from 4/22/1991 to 11/10/2000. The Retirement Plan's definition of "Hour of Service" and Subsection (j) in the definition of "Years of Vesting Service" provide for use of an "equivalency" or the "elapsed time method" if Hilton did not keep records of actual hours worked. As the U.S. District Court ruled in the *Kifafi* class action, the 190-hour per month equivalency requires that "for each month of employment in which the employee would otherwise be credited with at least one hour of service, the employee is credited with 190 hours of service" and "shall be credited with a year of service if they have 870 hours during the year (750 for salaried employees)." 736 F.Supp.2d 64, 76. As the U.S. District Court ruled in an earlier decision in the *Kifafi* class action, the "elapsed time method" "permits each employee to be credited with his or her total period of service with the employer," "irrespective of the actual hours of service completed." 616 F.Supp. 2d 7, 13. Under proper application of either the 190-hour equivalency or the elapsed time method, Ms. Juneau has ten years of vesting service, which is sufficient to satisfy the Plan's five-year vesting requirement.

      In denying Ms. Juneau's claim on May 29, 2015, Hilton stated that vesting credit had been denied for service with non-participating properties that were not "Related Companies," but Hilton did not identify which properties were not "Related Companies." Counsel for the claimants have made several requests that Hilton produce any "pertinent documents" related to non-participating companies that were not "Related Companies," but Hilton has not produced any such documents. The Plan's definition of "Related Companies" encompasses not only members of the "controlled group" but any "Hilton Property," which is in turn defined as any property in which Hilton "has an interest or with which it has a contractual relationship for hotel management." *See also Kifafi*, Dkt.#88 at 4 (clarifying that class definition encompasses

Hilton Worldwide Appeals Committee         -2-                    July 22, 2015

employees of any property in which Hilton "has an interest or with which it has a contractual relationship for hotel management"). In addressing the vesting issues in *Kifafi*, Hilton represented to the U.S. District Court that the Plan credits "non-participating employment (primarily union employment and **employment with a property not participating in the Plan**) for vesting service." Dkt.#210 at 21. Hilton did not draw any distinction about non-participating properties that are not Related Companies.

    I look forward to the U.S. Appeals Committee's response to this appeal, as well as to any "pertinent documents" relevant to the May 29, 2015 denial. If such documents are produced and contain new information, I may supplement this appeal. Thank you in advance for your cooperation.

Sincerely,

Stephen R. Bruce

cc:   Eva Juneau