# EXHIBIT G



Hilton Worldwide
755 Crossover Lane
Memphis, TN  38117

November 20, 2015

Eva Juneau
730 Gordon Ave
Reno, NV  89509

      RE:    Appeal under the Hilton Hotels Retirement Plan

Dear Ms. Juneau:

    I am writing to you on behalf of the Hilton U.S. Appeals Committee (the "Committee") with respect to the appeal of the denial of your claim for benefits under the Hilton Hotels Retirement Plan ("the Plan").

    The Committee has considered your appeal and has determined that the decision to deny your claim was appropriate.  As a result, the Committee regrets to inform you that it has upheld the prior decision to deny your claim for benefits under the Plan.  This letter outlines the Committee's reasons for this determination.

    Because the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the Committee is required to follow certain procedures.  Among other things, ERISA requires the Committee to follow the written terms of the Plan, to manage the Plan impartially for all participants and to ensure that requests such as yours are given fair consideration.

    Since you terminated after January 1, 1989, you need at least five years of vesting service to become vested.  *See* Hilton Hotels Retirement Plan § 4.6; *see also* Plan Article I, defining capitalized terms, including "Years of Vesting Service."  The Plan contains the rules for counting employees' years of vesting service, including specific rules for certain situations.  *See* Plan Article I, defining capitalized terms, including "Years of Vesting Service."

    The appeal letter dated July 22, 2015 submitted by your attorney, Stephen R. Bruce, claims that you had service with Hilton from 4/22/1991 to 11/10/2000.  However, the Plan's records indicate that you had service with Hilton from 4/22/1991 to 2/21/1997.  The Plan's records indicate that you were not employed by Hilton after 2/21/1997.  Since there is currently insufficient evidence that you were employed by a Hilton Hotel after 2/21/1997, we find as a factual matter that this service should not be included in determining whether you are vested.



The Plan's records indicate that you were employed at Reno Hilton from April 22, 1991 to May 16, 1996 and at Flamingo Hilton-Reno from May 17, 1996 to February 21, 1997. Looking to the Plan's records of actual hours of service and/or using equivalencies, where applicable, for periods of time supported by the Plan's records, you do not meet the minimum number of years of vesting service. Accordingly, I must deny your claim because you are not vested under the Plan. You do not have the minimum number of years of vesting service. Thus, you are not entitled to a retirement benefit under the Plan. *See* Hilton Hotels Retirement Plan § 4.6.

Please note that, according to the Plan's records and the information and documents you provided, you were employed at a non-participating property during a portion of your employment with Hilton properties. Specifically, Reno Hilton was a non-participating property prior to August 1, 1992. Vesting credit is not available for your employment at a non-participating property. The Plan looks to the "Hours of Service" completed during each "Vesting Computation Period" by an "Employee" in determining whether to award vesting credit. *See* Plan Article I, defining capitalized terms, including "Years of Vesting Service." Pursuant to these defined terms, the Plan requires employment at either a Participating Employer or Related Company for vesting credit. Since you had service at a non-participating property that is not a Related Company or Participating Employer, you are not entitled to any vesting credit for such service. The result is that you are not entitled to a retirement benefit under the Plan because you did not have sufficient service at a Participating Employer or a Related Company. *See* Hilton Hotels Retirement Plan § 4.6.

Please note that the Plan has actual hours records for all or a portion of your employment history with Hilton. Based on the actual hours records, you worked insufficient hours in two (2) years during your employment with Hilton to earn vesting credit for such years.

This letter constitutes a denial of your appeal under the Plan's claims procedures. In connection with this appeal, you or your authorized representative are entitled to receive, upon request and free of charge, reasonable access to and copies of all relevant documents, records, and other information relevant to your claim.

The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter.

Sincerely,

*Mary Nell Billings*

Hilton U.S. Appeals Committee
By Its Chair, Mary Nell Billings
Senior Director Global Retirement Programs
Hilton Worldwide