# EXHIBIT I



Hilton Worldwide
755 Crossover Lane
Memphis, TN  38117

June 3, 2015

P Betancourt
ATTN:  Peter Bentancourt
1270 Wilshire Circle East
Pembroke Pines, FL  33027

RE:     Your Claim for Benefits from the Hilton Hotels Retirement Plan

Dear Mr. Bentancourt:

I am writing in response to the claim you submitted to the Hilton Hotels Retirement Plan (the "Plan").  For the reasons described in more detail below, I regret to inform you that I must deny your claim because you are not entitled to a death benefit under the Plan.

Because the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), we are required to follow certain procedures.  Among other things, ERISA requires us to manage the Plan for the benefit of all participants and to ensure that requests such as yours are given fair consideration.  Therefore, your claim has been submitted to me, as the proper delegate of Hilton's U.S. Appeals Committee, for evaluation.  In this regard, I have reviewed your claim pursuant to the duties imposed by ERISA, the written terms of the Plan, the Plan's records and the information and documents you provided.

Employees who terminated after January 1, 1989 need at least five years of service to become vested; employees who terminated prior to January 1, 1989 need at least ten years of vesting service.  *See* Hilton Hotels Retirement Plan § 4.6; *see also* Plan Article I, defining capitalized terms, including "Years of Vesting Service."   The Plan contains rules for counting employees' years of vesting service, including specific rules for certain circumstances.  *See* Plan Article I, defining capitalized terms, including "Years of Vesting Service."

Your claim is denied because you are not the surviving spouse of P Betancourt.  Under the Plan, a surviving spouse benefit is payable in certain situations.  *See* Hilton Hotels Retirement Plan § 4.7.  However, the applicable Plan document does not provide for a death benefit to anyone other than the surviving spouse.  Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

Your claim is also denied as untimely.  A limitations period of, at most, five years applies to your benefit claim.  *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim).  Your claim (if any) accrued, at the latest, on the later of what would have been P Betancourt's Normal Retirement Date (generally, age 65) or P Betancourt's date of death.  *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date."  Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred.  Thus, you are not entitled to a death benefit under the Plan.





Further, P Betancourt was required to commence his/her retirement benefits, at the latest, on the first day of April following the later of the calendar year in which he/she attained age 70½ or retired. *See* Hilton Hotels Retirement Plan § 4.9. Since more than 5 years have passed between that date and the date your claim was submitted, any claim for benefits by P Betancourt is time-barred. Thus, you are similarly not entitled to a death benefit under the Plan due to the service of P Betancourt. Further, since P Betancourt died after benefits (if any) were required to be paid, he/she died after his/her "Annuity Starting Date." Thus, you are not entitled to a death benefit under the Plan. *See* Hilton Hotels Retirement Plan § 4.7.

**<u>Appeal Rights</u>**

This letter is a denial of your claim pursuant to the Plan's claims procedures. You may, however, submit a written appeal of this decision. To request a review of this decision, you must file a written request with the U.S Appeals Committee within 60 days after the date you received this denial at the following address:

> Hilton Worldwide, Inc.
> Attn: U.S. Appeals Committee
> Building A, 2nd Floor, Benefits
> 755 Crossover Lane
> Memphis, TN 38117

In connection with a request for review of this denial, you have the right to submit written comments and any other documents or other information relevant to your appeal. You should submit any evidence or argument you believe indicates P Betancourt is vested under the Plan and that you are entitled to a death benefit under the Plan. If you disagree with any of the statements contained in this letter, you should submit with your appeal any evidence and/or argument that supports your contention. You also have the right to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to your claim.

If you choose to appeal this decision, the U.S. Appeals Committee will issue a written decision upon review within 60 days after it receives your request for review, subject to the right to extend the review period another 60 days, in certain circumstances. If additional time is needed to decide your appeal, the U.S. Appeals Committee will notify you within the initial 60-day period that additional time is needed, why additional time is needed and when a decision will be expected to be issued. The written decision upon review will contain specific reasons for the decision and specific references to the relevant Plan provisions upon which the decision is based. If your claim is denied upon review, you will have the right to bring a civil action under Section 502(a) of ERISA within 180 days from the date your appeal is denied.

Please note that under ERISA, you are required to first comply with this appeals procedure before pursuing your claim in any judicial or administrative proceeding. If you do not timely pursue and exhaust your rights under this procedure, this decision will become final and preclude your right to receive judicial or administrative review of this decision.



Thank you for your patience during this process.

Sincerely,

**Casey Young**
Manager, Retirement Benefits - The Americas
Hilton Worldwide
Delegate, U.S. Appeals Committee