# EXHIBIT J

## STEPHEN R. BRUCE LAW OFFICES
1667 K ST NW STE 410
WASHINGTON, DC 20006-1653
202-289-1117
Email: stephen.bruce@prodigy.net

July 22, 2015

**BY FEDERAL EXPRESS**

Hilton Worldwide, Inc. U.S. Appeals Committee
Building A, 2nd Floor, Benefits
755 Crossover Lane
Memphis, TN 38117

**Re:    Review of Denial of Vesting Claim of P. Betancourt (PIN 105015)**

Dear Members of the Hilton Worldwide, Inc. U.S. Appeals Committee:

On June 2, 2015, I received a letter on behalf of Hilton's U.S. Appeals Committee denying P. Betancourt's claim for a vested retirement benefit from the Hilton Hotels Retirement Plan. I submitted that claim with a batch of others on December 5, 2014. I am now appealing the denial of that claim on behalf of Mr. Betancourt, as well as requesting all documents relevant to the basis for the initial denial in accordance with 29 C.F.R. 2560.503-1(h).

The denial letter confirmed that the records of service for Mr. Betancourt from 10/3/1947 to 1/13/1979 are "correct." The Retirement Plan's definition of "Hour of Service" and Subsection (j) in the definition of "Years of Vesting Service" provide for use of an "equivalency" or the "elapsed time method" if Hilton did not keep records of actual hours worked. As the U.S. District Court ruled in the *Kifafi* class action, the 190-hour per month equivalency requires that "for each month of employment in which the employee would otherwise be credited with at least one hour of service, the employee is credited with 190 hours of service" and "shall be credited with a year of service if they have 870 hours during the year (750 for salaried employees)." 736 F.Supp.2d 64, 76. As the U.S. District Court ruled in an earlier decision in the *Kifafi* class action, the "elapsed time method" "permits each employee to be credited with his or her total period of service with the employer," "irrespective of the actual hours of service completed." 616 F.Supp. 2d 7, 13. Under proper application of either the 190-hour equivalency or the elapsed time method, Mr. Betancourt has thirty-one years of vesting service, which is sufficient to satisfy the Plan's ten-year vesting requirement.

I look forward to the U.S. Appeals Committee's response to this appeal, as well as to any "pertinent documents" relevant to the May 29, 2015 denial. If such documents are produced and contain new information, I may supplement this appeal. Thank you in advance for your cooperation.

Sincerely,

Stephen R. Bruce

cc:    P. Betancourt