# EXHIBIT K



Hilton Worldwide
755 Crossover Lane
Memphis, TN  38117

November 18, 2015

Peter Betancourt
1270 Wilshire Circle East
Pembroke Pines, FL  30027

      RE:    Appeal under the Hilton Hotels Retirement Plan

Dear Mr. Betancourt:

    I am writing to you on behalf of the Hilton U.S. Appeals Committee (the "Committee") with respect to the appeal of the denial of your claim for benefits under the Hilton Hotels Retirement Plan ("the Plan") based on P. Betancourt's employment with Hilton Hotels.

    The Committee has considered your appeal and has determined that the decision to deny your claim was appropriate.  As a result, the Committee regrets to inform you that it has upheld the prior decision to deny your claim for benefits under the Plan.  This letter outlines the Committee's reasons for this determination.

    Because the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), the Committee is required to follow certain procedures.  Among other things, ERISA requires the Committee to follow the written terms of the Plan, to manage the Plan impartially for all participants and to ensure that requests such as yours are given fair consideration.

    Your appeal is denied because you are not the surviving spouse of P. Betancourt.  Under the Plan, a surviving spouse benefit is payable in certain situations.  See Hilton Hotels Retirement Plan § 4.7.  However, the applicable Plan document does not provide for a death benefit to anyone other than the surviving spouse.  Because you are not the surviving spouse, you are not entitled to a death benefit under the Plan.

    Your claim is also denied as untimely.  A limitations period of, at most, five years applies to your benefit claim.  *See* Plan § 10.6 (Virginia choice of law provision); *Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 2d 738, 743 (E.D. Va. 2006) (five year limitation period set forth in § 8.01–246(2) of the Virginia Code governs timeliness of ERISA Section 502 claim).  Your claim (if any) accrued, at the latest, on the later of what would have been P. Betancourt's Normal Retirement Date (generally, age 65) or P. Betancourt's date of death.  *See* Hilton Hotels Retirement Plan § 4.7 *see also* Plan Article I, defining capitalized terms, including "Normal Retirement Date."  Since more than 5 years have passed between that date and the date your claim was submitted, your claim is time-barred.  Thus, you are not entitled to a death benefit under the Plan.



2

      This letter constitutes a denial of your appeal under the Plan's claims procedures. In connection with this appeal, you or your authorized representative are entitled to receive, upon request and free of charge, reasonable access to and copies of all relevant documents, records, and other information relevant to your claim.

      The administrative process is complete. You now have the right to bring a civil action under Section 502(a) of ERISA in federal court if you choose to further pursue this claim. Please be aware that the Plan requires that any such suit be filed within 180 days of the date of this letter.

      Sincerely,

      *Mary Nell Billings*

      Hilton U.S. Appeals Committee
      By Its Chair, Mary Nell Billings
      Senior Director Global Retirement Programs
      Hilton Worldwide