UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE R. WHITE, *et al.*, <br><br>     Plaintiffs, <br><br>     v. <br><br> HILTON HOTELS RETIREMENT PLAN, *et al.*, <br><br>     Defendants. | Civil Action No. 16-856 (CKK) |

ORDER
(April 13, 2022)

This matter is before the Court on the parties' [91] Joint Status Report. Therein, the parties jointly request that the Court stay the case pending Plaintiffs' interlocutory appeal of the Court's March 22, 2022 [87] Order denying Plaintiffs' [83] Second Renewed Motion for Class Certification. Pursuant to Federal Rule of Civil Procedure 23(f), "[a]n appeal [of a class certification order] does not stay proceedings in the district court unless the district judge or the court of appeals orders." In evaluating such a motion, the court looks to: "(1) whether there is a substantial likelihood that the movant will succeed on the merits of the claims/appeal; (2) whether the movant will suffer irreparable injury if an injunction/stay does not issue; (3) whether others will suffer harm if an injunction/stay is granted; and (4) whether the public interest will be furthered by injunction/stay." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 91 (D.D.C. 2012). As the parties jointly request a stay, the Court assumes that Defendants at least concede the latter two considerations.

As to the first consideration, the Court asks whether it is likely that the Court of Appeals will grant *both* review *and* relief. *Id.* at 92. The Court of Appeals has explained that it is more likely to grant review:

    (1) When there is a death-knell situation for either plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable, taking into account the district court's discretion over class certification;

    (2) When the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; and

    (3) When the district court's class certification is manifestly erroneous.

*In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 99-100 (D.C. Cir. 2002). As the Court has most recently explained in its last Memorandum Opinion on the subject, the D.C. Circuit has yet to examine the rule against fail-safe class definitions and there remains an unsettled circuit split on the issue. *White v. Hilton Hotels Retirement Plan*, 2022 WL 1050570 at *5. Accordingly, whether a fail-safe class definition is permissible is likely an "unsettled and fundamental issue of law relating to class actions" for which the Court of Appeals might be more inclined to grant appellate review.

As such, as at least two, if not three, of the *In re Rail Freight* factors weigh in favor of a stay pending appeal, and in light of the parties' consent, the Court will exercise its discretion to grant such a stay. Therefore, it is hereby

**ORDERED**, that this matter is **STAYED** until further order of the Court. It is further

**ORDERED**, that the parties shall file a joint status report informing the Court as how they intend to proceed in this matter no fewer than seven days after the D.C. Circuit Court of Appeals' resolution of Plaintiffs' [89-1] Petition by Plaintiffs-Petitioners for Leave to Appeal Pursuant to FRCP 23(f).

**SO ORDERED**.

**Date**: April 13, 2022

                                                        /s/
                                         **COLLEEN KOLLAR-KOTELLY**
                                         United States District Judge